[Sac. No. 7500. In Bank. Jan. 28, 1964.]

JOHN D. CROSS et al., Minors, etc., Plaintiffs and Appellants, v. PACIFIC GAS AND ELECTRIC COMPANY, Defendant and Respondent.

Daniel S. Carlton, Ira M. Shadwell and Richard J. Asbill for Plaintiffs and Appellants.

Richard H. Peterson, R. A. Raftery, David R. Fuller, John B. Gibson and Carr & Kennedy for Defendant and Respondent.

McCOMB, J.—Plaintiffs appeal from a judgment of dismissal, predicated upon the sustaining of a demurrer to their complaint in an action to recover damages for the wrongful death of their father.

*Facts*: The complaint alleged that in February 1956 George Cross was electrocuted as the result of a contact with an electrical line maintained by defendant Pacific Gas and Electric Company (hereinafter referred to as "defendant"). He was survived by his widow and three minor children.

In November 1961 plaintiffs, decedent's minor children, brought this action through their guardian *ad litem* (their mother), seeking damages for wrongful death, and alleging that defendant was negligent in the placement and operation of the power line in question.

Defendant demurred to the complaint on the ground that the action was barred by the statute of limitations (Code Civ. Proc., § 340, subd. 3), in that it had not been commenced within one year after the alleged wrongful act. The trial court sustained this view.

**Question**: *Was the running of the statute of limitations for wrongful death suspended during the period of plaintiffs' minority?*

*Yes.* Section 377 of the Code of Civil Procedure provides, in part: "When the death of a person ... is caused by the wrongful act or neglect of another, his heirs or personal representatives may maintain an action for damages against the person causing the death.... The respective rights of the heirs in any award shall be determined by the court."

Section 340, subdivision 3, of the Code of Civil Procedure provides, in part: "An action ... for injury to or for the death of one caused by the wrongful act or neglect of another" must be brought within one year. However, section 352 of the Code of Civil Procedure provides that if a plaintiff is below the age of majority at the time an action accrues, the time of such disability is not a part of the time limited for the commencement of the action. (Cf. *Leeper* v. *Beltrami,* 53 Cal.2d 195, 208 [18] [1 Cal. Rptr. 12, 347 P.2d 12, 77 A.L.R. 2d 803].)

Section 377 of the Code of Civil Procedure is a procedural statute establishing compulsory joinder and not a statute creating a joint cause of action. Otherwise, its provisions could not be waived. (See *Salmon* v. *Rathjens,* 152 Cal. 290, 295 et seq. [92 P. 733]; *Knott* v. *McGilvray,* 124 Cal. 128, 129 et seq. [56 P. 789]; *Perkins* v. *Robertson,* 140 Cal. App.2d 536, 543 [11] [295 P.2d 972].)

Although recovery under section 377 is in the form of a "lump sum," the amount is determined in accordance with the various heirs' separate interests in the deceased's life and the loss suffered by each by reason of the death, and no recovery can be had by an heir who did not sustain a loss. (*Estate of Riccomi,* 185 Cal. 458, 461 [2] [197 P. 97, 14 A.L.R.509].)

Accordingly, each heir should be regarded as having a personal and separate cause of action.

This is the position that has been consistently taken with respect to wrongful death actions in which the defense of contributory negligence has been raised, it being settled that a bar against recovery by one heir because of contributory negligence does not preclude recovery by others. (*Bowler* v. *Roos*, 213 Cal. 484, 485 [1] [2 P.2d 817] ; *Perkins* v. *Robertson, supra*, 140 Cal.App.2d 536, 544 [14] : *Bowen* v. *Kizirian*, 105 Cal.App. 286, 290 [3] [287 P. 570] ; cf. *Flores* v. *Brown*, 39 Cal.2d 622, 631 [12] [248 P.2d 922].)

The running of the statute of limitations against adult heirs, therefore, does not affect the rights of minor plaintiffs in a wrongful death action.

In contending that section 377 of the Code of Civil Procedure creates a joint cause of action, defendant relies on section 1431 of the Civil Code, which reads: ''An obligation imposed upon several persons, or a right created in favor of several persons, is presumed to be joint, and not several, except in the special cases mentioned in the title on the interpretation of contracts. This presumption, in the case of a right, can be overcome only by express words to the contrary.''

In the instant case the presumption is not applicable, because the facts fall within the provisions of the last sentence of section 1431, to wit, that the presumption can be overcome by express words to the contrary.

Section 377 of the Code of Civil Procedure by express words provides that ''The respective rights of the heirs in any award shall be determined by the court.'' The quoted sentence clearly shows that the interests of the heirs are separate rather than joint. Hence, this contention of defendant is without merit.

There are statements in *Watkins* v. *Nutting*, 17 Cal.2d 490, 498 [110 P.2d 384] ; *Gilmore* v. *Los Angeles Ry. Corp.*, 211 Cal. 192, 199 [9] [295 P. 41] ; *Rabe* v. *Western Union Tel. Co.*, 198 Cal. 290, 299 [8, 9] [244 P. 1077] ; *Robinson* v. *Western States Gas etc. Co.*, 184 Cal. 401, 410 [10] [194 P. 39] ; and *Salmon* v. *Rathjens, supra*, 152 Cal. 290, 294, to the effect that a wrongful death action is ''a joint one'' or ''a joint one, a single one, and an indivisible one.''

The conclusion reached in the present case is not in conflict with those cases, since strict compliance with the procedure specified in section 377 of the Code of Civil Procedure authorizing an action for wrongful death is not jurisdictional or even mandatory in the sense that reversal of a judgment

694

will necessarily follow a failure to comply with the requirements enumerated. (*Perkins* v. *Robertson, supra,* 140 Cal. App.2d 536, 543 [11].)

In stating that an action for wrongful death is joint, it is meant that all heirs should join or be joined in the action and that a single verdict should be rendered for all recoverable damages; when it is said that the action is single, it is meant that only one action for wrongful death may be brought whether, in fact, it is instituted by all or only one of the heirs, or by the personal representative of the decedent as statutory trustee for the heirs; and when it is said that the action is indivisible, it is meant that there cannot be a series of suits by heirs against the tortfeasor for their individual damages. (*Perkins* v. *Robertson, supra,* at p. 543 [12].)

Contrary holdings in *Haro* v. *Southern Pacific R.R. Co.,* 17 Cal.App.2d 594 [62 P.2d 441]; *Sears* v. *Majors,* 104 Cal.App. 60 [285 P. 321]; and *Gates* v. *Wendling Nathan Co.,* 27 Cal.App.2d 307 [81 P.2d 173], are disapproved. Language in *J. A. Thompson & Sons, Inc.* v. *Superior Court,* 215 Cal.App.2d 719 [30 Cal.Rptr. 471] and *Glavich* v. *Industrial Acc. Com.,* 44 Cal.App.2d 517 [112 P.2d 774], insofar as it is contrary to the views expressed herein, is disapproved.

The judgment is reversed.

Gibson C. J., Traynor, J., Schauer, J., Peters, J., and Peek, J., concurred.