Opinion
 

 HASTINGS, J.
 

 In 1971,
 
 [1]
 
 section 377 of the Code of Civil Procedure, as pertinent to this appeal, read as follows: “When the death of a person . . .
 
 *805
 
 is caused by the wrongful act . . . of another, his heirs,
 
 and his dependent parents, if any, who are not heirs,
 
 or personal representatives on their behalf may maintain an action for damages against the person causing the death. .. .” The underlined words were added by amendment in 1968. Prior to 1968, California decisional law held that only
 
 one action
 
 could be brought for the wrongful death of a person thereby preventing multiple actions by individual heirs and the personal representative. (See
 
 Robinson
 
 v.
 
 Western States Gas etc. Co.,
 
 184 Cal. 401, 410 [194 P. 39];
 
 Salmon
 
 v.
 
 Rathjens,
 
 152 Cal. 290, 294 [92 P. 733];
 
 Daubert
 
 v.
 
 Western Meat Co.,
 
 139 Cal. 480, 481 [69 P. 297, 73 P. 244]; and
 
 Munro
 
 v.
 
 Dredging etc. Co.,
 
 84 Cal. 515, 522 [24 P. 303].)
 

 The primary issue in this case is whether the 1968 amendment gives a separate and independent cause of action to the dependent parents that does not require a consolidation with the action of the heirs or personal representative. We hold that it does not.
 

 The facts behind this issue can be briefly stated: Linda Mandel died on June 21, 1971. Her death was allegedly due to the negligent care and medical malpractice of defendants and respondents. Linda’s husband Leonard Mandel and Linda’s son Michael filed a wrongful death action on May 24, 1972. Linda’s dependent parents Joseph and Pauline Mayerhoff, appellants, through independent counsel, filed a similar action on June 20, 1972. None of the defendants in the parents’ lawsuit was served until May of 1975.
 

 In 1974 the defendants and respondents in this appeal settled the lawsuit of decedent’s husband and child for a nominal amount and the case was dismissed with prejudice in February of that year.
 

 After the defendants were served by appellants in 1975, they demurred on the ground that the dismissal of the heirs’ lawsuit, with prejudice, barred any further action for the wrongful death of Linda against defendants under section 377. The court
 
 [2]
 

 
 *806
 
 Section 377,
 
 [3]
 
 as enacted in 1872, read in part: “When the death of a person is caused by the wrongful act or neglect of another, his heirs or personal representatives may maintain
 
 an action
 
 for damages against the person causing the death.” (Italics added.) In
 
 Munro
 
 v.
 
 Dredging etc. Co., supra,
 
 84 Cal. 515, 522, the court said: “In our judgment but one action is permitted, and that action may be brought either by the heirs of the deceased,
 
 or
 
 by his personal representatives; and when one action is brought, and the court has obtained jurisdiction of it, that is the only action which the statute permits; . . .” Later,
 
 Salmon
 
 v.
 
 Rathjens, supra,
 
 152 Cal. 290, agreed and said at page 294: “Our law relating to actions of this character [i.e., wrongful death actions] undoubtedly contemplates that the action shall be brought either by the personal representatives of the deceased solely for the benefit of all the heirs [citation], or by
 
 all
 
 the heirs for their own benefit. So far as heirs are concerned, a single joint cause of action is given. The language of our statute permits no other construction.”
 

 Finally, in
 
 Cross
 
 v.
 
 Pacific Gas & Elec. Co.,
 
 60 Cal.2d 690 [36 Cal.Rptr. 321, 388 P.2d 353], further interpretation of the section is found on page 694: “In stating that an action for wrongful death is joint, it is meant that all heirs should join or be joined in the action and that a single verdict should be rendered for all recoverable damages; when it is said that the action is single, it is meant that only one action for wrongful death may be brought whether, in fact, it is instituted by all or only one of the heirs, or by the personal representative of the decedent as statutory trustee for the heirs; and when it is said that the action is indivisible, it is meant that there cannot be a series of suits by heirs against the tortfeasor for their individual damages.”
 

 It was thus established by the above cases that section 377 contemplated only one action or joint actions by the various classes of persons entitled to sue. In spite of numerous amendments to the section (none of which are relevant here except the amendment in question), the
 
 *807
 
 Legislature has preserved the statutory language which permits
 
 an
 
 action,
 
 [4]
 
 even though it has been aware of the construction applied to this language by the courts. Other language in the section is significant. It says, “[t]he respective rights of the heirs
 
 and
 
 dependent parents in any award shall be determined by the court.” (Italics added.) This phrase refers to an “award” (singular) to the heirs
 
 and
 
 dependent parents, and is further indication that the Legislature intended only one action and one award by the “court” (also singular).
 

 Appellants argue against this interpretation for two principal reasons; first, one plaintiff cannot bind another plaintiff in a separate cause of action by the rules of res judicata or collateral estoppel because the parties are different; and second, there is no duty on one plaintiff to search out and make certain no other party plaintiff entitled to sue has done so. These arguments, however, were made before the amendment and were rejected. There generally are many heirs and the amendment added only two more persons. In
 
 Watkins
 
 v.
 
 Nutting,
 
 17 Cal.2d 490, 498 [110 P.2d 384], the court addressed itself to that problem and stated; “The statutory cause of action for wrongful death (sec. 377, Code Civ. Proc.) is one to be exercised by all the heirs, yet it is a joint one, a single one and an indivisible one. [Citations.] In such actions, the court or jury must compute the damages, if any, by considering the pecuniary damage suffered by all the heirs and return a verdict for one sum. This suit must be brought in the name of the persons to whom the right is given, and an action by some, but not all, of the heirs is not the action authorized under the statute. [Citations.] If the plaintiffs recover judgment, it is then the duty of the court, in a separate proceeding, to apportion the amount to be awarded each heir. [Citations.]” The dependent parents, by the statute, were given the same right to sue that the heirs had. The responsibility (or burden) placed on them to join their action with the other heirs is the same that has faced all individual heirs since the original enactment of the section.
 

 And finally, appellants’ argument must fall because the cause of action for wrongful death is wholly statutory in origin, and absent a constitutional basis for departure from a clear expression of legislative intent, the courts are bound thereby.
 
 (Steed
 
 v.
 
 Imperial Airlines,
 
 12
 
 *808
 
 Cal.3d 115, 119-120 [115 Cal.Rptr. 329, 524 P.2d 801, 68 A.L.R.3d 1204].)
 
 [5]
 

 Technical and procedural reasons for dismissing the appeal, raised by both parties, lack merit and do not require a response.
 

 The order (judgment) dismissing the complaint is affirmed.
 

 Kaus, P. J., and Ashby, J., concurred.
 

 [1]
 

 The section was again amended in 1975. The 1971 version, however, is the one applicable to the cause of action here because the alleged malpractice occurred in that year. The 1975 amendment reads in part: “When the death of a person is caused by the
 
 *805
 
 wrongful act or neglect of another, his or her heirs or personal representatives on their behalf may maintain an action for damages against the person causing the death. . . .” The statute then goes on to state that “heirs” include dependent parents.
 

 [2]
 

 The court’s minute order states: “While
 
 Rodriguez [Rodriguez
 
 v.
 
 Bethlehem Steel Corp.,
 
 12 Cal.3d 382 (115 Cal.Rptr. 765, 525 P.2d 669)] confirmed the existence ... of a right to loss of consortium claim or cause of action and. as a result, that such common-law cause could be sued upon separately from the personal injury claim, the present case involves a similar claim but in a wrongful death case. Such wrongful death causes are 'creatures of the statute' and have no common law basis. It is necessary
 
 *806
 
 therefore to conform to statute and join with the heirs in the prosecution of the one action (an action) referred to in the statute (377 CCP). Otherwise, where do we draw the line on the statutory 'action' referred to in CCP 377 - if papa brings his lawsuit separately from mama and also separately from heirs? Judicial notice being taken as requested of dismissal with prejudice of heirs’ action, all persons otherwise entitled to sue are foreclosed in proceedings against this defendant.”
 

 [3]
 

 An action “for wrongful death is not a common law doctrine but an act of the Legislature which both created and limited the remedy."
 
 (Justus
 
 v.
 
 Atchison.
 
 19 Cal.3d 564, 572(139 Cal.Rptr. 97, 565 P.2d 122].)
 

 [4]
 

 The 1975 amended version still states “an action.”
 

 [5]
 

 Since we are dealing here with a statute and the intention of the Legislature, not a prior judicial decision, the type of reasoning represented by
 
 Rodriguez
 
 v.
 
 Bethlehem Steel Corp., supra,
 
 12 Cal.3d 382, and vehemently urged by appellants, is completely inapplicable to this case.