[Civ. No. 18194. Fourth Dist., Div. One. May 31, 1978.]

Estate of LAWRENCE C. KUEBLER, Petitioner, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
RICHARD L. KUEBLER, Real Party in Interest.

COUNSEL

Ropers, Majeski, Kohn, Bentley & Wagner, Walter C. Kohn and Michael J. Brady for Petitioner.

No appearance for Respondent.

Procopio, Cory, Hargreaves & Savitch and John H. Barrett for Real Party in Interest.

OPINION

BROWN (Gerald), P. J.—The estate of Lawrence C. Kuebler petitions for a writ of mandate to compel the Superior Court of San Diego County to grant its motion for summary judgment. At issue is whether the settlement and dismissal of a wrongful death action by the mother of three deceased children bars the maintenance of a like action by the children's father.

Louise Krom is the former wife of real party in interest, Richard L. Kuebler. Their three minor children were killed in an aircraft accident in which their paternal grandparents were also killed. The grandparents were both licensed pilots and it was alleged they were both in control of the plane when it crashed on July 24, 1975.

Louise filed creditor claims in the estates of both grandparents and when they were rejected, filed a wrongful death action against the two estates. This action, filed January 5, 1976, named Richard as a defendant under Code of Civil Procedure section 382 since he would not consent to being joined as a plaintiff in an action against his parents' estates.

On June 1, 1976, Richard filed a wrongful death action under the provisions of Probate Code section 721 limited to the amount of insurance coverage available to the defendant estates. Louise was named as a party defendant under Code of Civil Procedure section 382 because she refused to join as a plaintiff in an action limited by Probate Code section 721. Richard's complaint notes the existence of Louise's wrongful death action.

We will not detail the communications and negotiations between the attorneys for Richard, Louise and the insurance company. While they seemingly convinced the trial court that a form of estoppel arose in favor of Richard, they are not necessary to our disposition of the petition.

In August 1976 it was agreed between counsel for Richard and counsel for Louise that the two wrongful death actions would be consolidated, Louise would limit her complaint to the amount of insurance coverage and the respective rights of Louise and Richard would be determined by reference to the recoveries in the two actions.

Before the two actions could be consolidated, Louise settled her claim for $150,000 and dismissed her action with prejudice. The insurance carrier for the estates now asserts that dismissal as a bar to the maintenance of Richard's wrongful death action (*Mayerhoff* v. *Kaiser Foundation Health Plan, Inc.,* 71 Cal.App.3d 803 [138 Cal.Rptr. 319]).

In *Mayerhoff* a deceased's widower and son filed a wrongful death action. Her dependent parents[1] filed a separate wrongful death action. The husband and son settled their action for a nominal sum and dismissed it with prejudice. The trial court sustained a demurrer to the parents' action without leave to amend on the ground there is but one action permitted for a wrongful death and the dismissal of the husband's and son's action barred the parents'. The appellate court agreed and affirmed, holding that the 1971 amendment to section 377 which authorized an action by "dependent parents . . . who are not heirs" did not give a separate and independent cause of action to the dependent parents (*Mayerhoff* v. *Kaiser Foundation Health Plan, Inc., supra,* 71 Cal.App.3d 803, 805).

It does not appear in *Mayerhoff* whether the husband and son had joined the parents as defendants under Code of Civil Procedure section 382 as was done in this case. In any event the court did not deal with the effect such a joinder would have on the settlement and dismissal of the husband's and son's action.

A party who is joined in a wrongful death action as a defendant under section 382 is only nominally a defendant. In reality, he is a plaintiff (*Watkins* v. *Nutting,* 17 Cal.2d 490, 498 [110 P.2d 384]; *Gilmore* v.

---

[1]Dependent parents were authorized to maintain a wrongful death action even though they may not have been "heirs" under Code of Civil Procedure section 377 as it read when relevant to *Mayerhoff.*

*Los Angeles Ry. Corp.*, 211 Cal. 192, 200 [295 P. 41]; *Sanders* v. *Fuller*, 45 Cal.App.3d 994, 998 [119 Cal.Rptr. 902]). It is improper to enter a default against a nominal defendant joined under section 382; a failure to join a known heir under that section may give rise to an action for fraud against the one who conceals the existence of the heir; and an heir joined under section 382 who does not participate in the trial may nonetheless have standing to move for a new trial (*Watkins* v. *Nutting, supra,* 17 Cal.2d 490, 498-499). ▇ A jury is properly instructed upon the issue of damages suffered by a party joined as a defendant under section 382 even though that "defendant" does not participate in the trial (*Gilmore* v. *Los Angeles Ry. Corp., supra,* 211 Cal. 192, 201). Where a plaintiff and defendants who are joined under section 382 participate in a lump sum settlement, the court has jurisdiction to apportion the settlement proceeds (*Changaris* v. *Marvel,* 231 Cal.App.2d 308, 313 [41 Cal.Rptr. 774]).

▇ We hold that Richard has standing to maintain the wrongful death action brought by Louise, he being in reality a plaintiff rather than a defendant in that action. Louise's complaint states a cause of action for Richard as well as for Louise. To the extent Louise's prayer did not seek damages for Richard and did not ask for an apportionment of damages, those would be matters subject to amendment or could be cured by consolidating Richard's action with Louise's.

The two estates as well as the insurance carrier for them were not only on notice of Richard's potential claim by reason of his being joined in Louise's action under Code of Civil Procedure section 382, they had actual notice because of the filing of Richard's action and their course of dealing with Richard's attorney regarding his claim.

The settlement by one party plaintiff ordinarily does not operate to bar the actions of other plaintiffs. The insurance carrier did not appear to have considered its settlement with Louise as being the end of the matter. In a letter notifying Richard's attorney of the settlement with Louise, the carrier's attorney said: "I think that the company would accept a settlement of Mr. Kuebler's action for something in the vicinity of $15,000. Otherwise, I am inclined to think the company will elect to prepare the case for trial with the intent of trying it."

Because both Louise's and Richard's actions are still pending insofar as Richard's rights are concerned, Louise's settlement and dismissal of her cause of action does not bar Richard's action. At most, the estates may enter a plea in abatement that another action is pending. In response

there would appear to be no obstacle to consolidating the two actions which are pending between the same parties in the same county for the same relief.

The court properly denied summary judgment to the defendant estates.

Petition denied.

Cologne, J., and Staniforth, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied July 27, 1978.