[No. F002165. Fifth Dist. Apr. 10, 1985.]

HECTOR GONZALES VALDEZ, a Minor, etc.,
Plaintiff and Appellant, v.
PAUL HOWARD SMITH et al., Defendants and Respondents.

COUNSEL

Young, Wooldridge, Paulden,. Self, Farr & Griffin, Heim & Benitez, Larry R. Cox and Roger T. Benitez for Plaintiff and Appellant.

Clifford, Jenkins & Brown, Stephen T. Clifford, Jay S. McClaugherty and Grover H. Waldon for Defendants and Respondents.

OPINION

BEST, J.—Plaintiff, Hector Gonzales Valdez, appeals from a summary judgment in favor of defendants, Paul Howard Smith and West Transportation, Inc. The issue presented is whether plaintiff's action is barred by the one-action rule under Code of Civil Procedure section 377.[1]

---

[1]All code sections refer to the Code of Civil Procedure unless otherwise indicated.

## Factual Statement

On August 27, 1972, Jose Ruben Gonzales was killed in a multiple vehicle accident on Interstate 5 in Kern County. His widow, Luz Rebeca Gonzales, on behalf of herself and as guardian ad litem of the four minor children of her marriage to the decedent, brought an action for wrongful death (action No. 126778). The complaint alleged, "Plaintiffs . . . are the surviving spouse and children . . . and are the sole surviving heirs at law of decedent." The case was settled and the action ultimately dismissed with prejudice on February 27, 1976.

On September 26, 1980, plaintiff, Hector Gonzales Valdez, through his guardian ad litem (his mother), filed the present action (action No. 169538) for damages for the wrongful death of Jose Ruben Gonzales. Plaintiff is a surviving child of decedent by a former marriage and resides in Mexico.

On January 7, 1983, summary judgment was granted in favor of defendants "on the ground that the Complaint on file herein is barred by the single recovery rule applicable to wrongful death actions . . ." and the complaint ordered dismissed.

Evidence presented in opposition to defendants' motion for summary judgment established that prior to settlement of the prior action, the plaintiff, Luz Rebeca Gonzales, was aware of the existence of plaintiff herein, Hector Gonzales Valdez, and that he was decedent's child by a former marriage. She had so testified at oral deposition attended by defendants' counsel. Defendants' counsel conceded at the hearing on the motion for summary judgment that defendants were aware of plaintiff's existence, identity and status as an heir of decedent.

We will hold that because of their knowledge of the existence, identity and status of plaintiff herein prior to settlement of the prior action, defendants have waived their right to assert the one-action rule to bar plaintiff's present action and will reverse the judgment.

## Discussion

At the time of plaintiff's complaint, section 377 stated in pertinent part: "When the death of a person not being a minor, or when the death of a minor person who leaves surviving him either a husband or wife or child or children or father or mother, is caused by the wrongful act or neglect of another, his heirs, and his dependent parents, if any, who are not heirs, or personal representatives on their behalf may maintain an action for damages against the person causing the death, or in case of the death of such wrong-

doer, against the personal representative of such wrongdoer, whether the wrongdoer dies before or after the death of the person injured.''

■ An action for wrongful death is statutory and extends only as far as the Legislature intends. (*Canavin* v. *Pacific Southwest Airlines* (1983) 148 Cal.App.3d 512, 529 [196 Cal.Rptr. 82].) Section 377 does not prevent expressly more than one cause of action by the heirs of a decedent; however, actions for wrongful death are considered to be joint, single and indivisible. This phrase is explained by the Supreme Court in *Cross* v. *Pacific Gas & Elec. Co.* (1964) 60 Cal.2d 690, 694 [36 Cal.Rptr. 321, 388 P.2d 353]: ''In stating that an action for wrongful death is joint, it is meant that all heirs should join or be joined in the action and that a single verdict should be rendered for all recoverable damages; when it is said that the action is single, it is meant that only one action for wrongful death may be brought whether, in fact, it is instituted by all or only one of the heirs, or by the personal representative of the decedent as statutory trustee for the heirs; and when it is said that the action is indivisible, it is meant that there cannot be a series of suits by heirs against the tortfeasor for their individual damages. (*Perkins* v. *Robertson, supra,* [140 Cal.App.2d 536] at p. 543 [295 P.2d 972].)''

The *Cross* court also noted that ''each heir should be regarded as having a personal and separate cause of action'' and ''the interests of the heirs are separate rather than joint.'' (*Id.,* at pp. 692-693.)

Numerous cases have held that only one action by the heirs is permitted under the wrongful death statute and, specifically, that an heir who is not included in the original action may not bring subsequently an independent action against the defendant. (*Robinson* v. *Western States Gas etc. Co.* (1920) 184 Cal. 401, 410 [194 P. 39]; *Munro* v. *Dredging etc. Co.* (1890) 84 Cal. 515, 522 [24 P. 303]; *Canavin* v. *Pacific Southwest Airlines, supra,* 148 Cal.App.3d 512, 529-530; *Mayerhoff* v. *Kaiser Foundation Health Plan, Inc.* (1977) 71 Cal.App.3d 803, 805 [138 Cal.Rptr. 319]; *Helling* v. *Lew* (1972) 28 Cal.App.3d 434, 437 [104 Cal.Rptr. 789].)

These cases stand for the proposition that an heir who is not a party to a wrongful death action will be barred from a subsequent independent suit against the defendant. This appears to be the rule despite the fact that the heirs bringing the initial action knew of the existence of another heir. The cases that cite this one-action rule have not recognized any exception for an omitted heir. (See *Canavin* v. *Pacific Southwest Airlines, supra,* 148 Cal.App.3d at p. 529; *Mayerhoff* v. *Kaiser Foundation Health Plan, Inc., supra,* 71 Cal.App.3d at p. 806; *Helling* v. *Lew, supra,* 28 Cal.App.3d at p. 437.) Furthermore, the cases that recognize the rule is harsh merely note

that the omitted heir has the remedy of suing the other heirs for failing to join him in their suit. (*Watkins* v. *Nutting* (1941) 17 Cal.2d 490, 499 [110 P.2d 384]; *Helling* v. *Lew, supra,* at p. 437, fn. 2.) Plus, under *Mayerhoff,* the burden is placed on an omitted heir to join in the suit brought by another heir.

None of the cases citing the general rule that section 377 bars subsequent suits by an omitted heir were presented with the factual situation at bench. In this case, plaintiff and his mother resided in Mexico. The record does not indicate that they had knowledge of the death of decedent or of the pendency of the wrongful death action in 1972. The widow who brought the initial action knew that plaintiff resided in Mexico. Furthermore, defendants were aware that another heir existed who was not a party to the action. No attempt was made to contact plaintiff or to join him in the initial action by any party.

■ The one-action rule should not be applicable under the facts of this case. Several of the cases that discuss the rule that only one action for wrongful death may be brought cite to *Daubert* v. *Western Meat Co.* (1903) 139 Cal. 480 [73 P. 244] and *Salmon* v. *Rathjens* (1907) 152 Cal. 290 [92 P. 733]. *Daubert* v. *Western Meat Co.* specifically left open the question of whether a subsequent suit by an omitted heir would be barred when the defendants were aware an heir existed and did not join him in the initial action. (*Daubert* v. *Western Meat Co., supra,* at pp. 482, 488.) The language in *Salmon* v. *Rathjens* suggests that a defendant in a wrongful death action may not be subject to a second recovery by other heirs "of whose existence he had no knowledge at the time" of the initial action. (*Salmon* v. *Rathjens, supra,* at p. 296; see also *Rabe* v. *Western Union Tel. Co.* (1926) 198 Cal. 290, 299 [244 P. 1077].) In this case, of course, defendants had knowledge of plaintiff's existence and status as an heir.

Furthermore, *Salmon* notes that the action by a "portion only of the heirs is not the action authorized by our statute." (*Salmon* v. *Rathjens, supra,* 152 Cal. at p. 294.) In the case at bench, the widow purported to bring suit on behalf of all the surviving heirs of decedent. However, she named herself and her children only. Plaintiff was not included, even though both parties were aware that he was a proper participant in the action. This initial action was not the action contemplated by the statute then.

Other cases have held that an omitted heir is not precluded from maintaining a subsequent independent action under section 377. For example, *Davis* v. *Robinson* (1942) 50 Cal.App.2d 700 [123 P.2d 894] involved one suit for wrongful death brought by the mother of decedent under section

377. The mother recovered a judgment. She did not reveal in the suit that the deceased had a child, although the child was living with her. The child later brought a wrongful death action and was awarded a judgment. Defendants claimed the child was precluded from recovery by the previous suit. The appellate court disagreed. The initial suit was not one contemplated by section 377. The mother was not considered an heir and was not entitled to bring an action under section 377. The defendants, however, failed to defend the suit on this basis. The appellate court held that the defendants' failure to defend the suit on this basis did not estop the decedent's child from bringing his rightful claim for wrongful death.

In the case at bench, the defendants were aware that an heir was not included in the suit. They had knowledge that the suit was not the type contemplated under the statute. (*Salmon* v. *Rathjens, supra,* 152 Cal. at p. 294; *Perkins* v. *Robertson* (1956) 140 Cal.App.2d 536, 542 [295 P.2d 972].) Defendants could have made a timely objection and had the action abated or at least could have made plaintiff a party to the action. (*Salmon, supra,* 152 Cal. at p. 294; see *Jolley* v. *Clemens* (1938) 28 Cal.App.2d 55, 75 [82 P.2d 51]; § 382.) As in *Davis* v. *Robinson,* the failure of defendants to do so should not estop the plaintiff from bringing his rightful claim for wrongful death.

Furthermore, recent cases have held that consecutive suits for wrongful death may be brought by different heirs. In *Arizmendi* v. *System Leasing Corp.* (1971) 15 Cal.App.3d 730 [93 Cal.Rptr. 411], plaintiffs, two minor children, brought an action through their guardian for the wrongful death of their father. Defendants argued the action was barred because a previous action had been brought by the widow of decedent. The first action had been settled and dismissed with prejudice. Defendants' motion for summary judgment was granted. (*Id.,* at pp. 733-734.)

The issue before the court was phrased whether the minor plaintiffs were collaterally estopped and barred by res judicata from bringing their suit. The court held the widow had not sued in any capacity representative of the rights of the minor plaintiffs, but had sued on her behalf alone. Although the court did not purport to answer whether the one-action rule of section 377 barred a second recovery, it did hold, under the facts of the case, defendants could not claim the first action barred the second.

This case is very similar to the case at bench. For example, decedent's widow did not sue in any capacity representative of plaintiff. She did file the complaint on behalf of the sole surviving heirs of decedent, but she named only herself and her four children, excluding plaintiff. All parties to the original action knew that the plaintiffs named in that suit were not the

sole heirs of decedent. Under the rationale of *Arizmendi,* then, defendants here should not be allowed to claim the first action bars the second.

In *Estate of Kuebler* v. *Superior Court* (1978) 81 Cal.App.3d 500 [146 Cal.Rptr. 481], the mother of three deceased children brought a wrongful death action against defendants' estate. She joined as a defendant the father of the children under section 382. The father then filed a wrongful death action against the estate for the amount of insurance coverage. The mother settled her claim and dismissed the case with prejudice. The insurance carrier asserted this dismissal as a bar to the father's claim, citing *Mayerhoff* v. *Kaiser Foundation Health Plan, Inc., supra,* 71 Cal.App.3d 803.

The appellate court, however, refused to bar the claim. The court noted that the defendant insurance carrier had constructive notice and actual notice of the father's claim. Also, the insurance carrier did not appear to have considered the settlement of the mother's claim as final. In the case at bench, the defendants were fully aware of the potential claim of plaintiff, although plaintiff had not been joined as a defendant in the original action. The insurance carrier's awareness of the second heir's claim was a major factor in the court's refusing to bar the claim. As in *Estate of Kuebler,* plaintiff's action in the instant case should not be barred.

In *Hogan* v. *Hermann* (1980) 101 Idaho 893 [623 P.2d 900, 21 A.L.R.4th 249], a case almost identical to the instant case, the Supreme Court of Idaho held the defendant had waived his right to insist upon a single action joined in by all the heirs of the deceased. In *Hogan,* Stephen McGrath, the surviving husband of Carol, brought an action for wrongful death alleging that he was the "surviving husband and sole and only heir of Carol." Three days prior to the date set for trial of the case, Stephen's attorneys informed Hermann's attorney that Carol's parents, who were heirs of Carol under the Idaho statute, were living. The defendant settled with Stephen who dismissed the action with prejudice. The Hogans, Carol's surviving parents, then filed an action for wrongful death against Hermann. Hermann filed a motion to dismiss the Hogans' complaint on the ground that the action was barred by reason of the earlier settlement and release of Stephen's case and the dismissal with prejudice of his suit. The trial court's denial of this motion was an issue on appeal.

The Idaho wrongful death statute, Idaho Code section 5-311, like California Code of Civil Procedure section 377, provided, "[w]hen the death of a person . . . is caused by the wrongful act or neglect of another, *his heirs* or personal representatives *may maintain an action* for damages against the person causing the death . . . ." (Italics added.)

We quote from the opinion in *Hogan:* "In *Whitley* [*Whitley* v. *Spokane Ry. Co.* (1913) 23 Idaho 642] this court held, 23 Idaho at 654, 132 P. at 124, that 'We agree . . . that, *as a general rule, these actions cannot be split up and one action be prosecuted by one heir and another action by another heir,* or one action by the personal representatives of the deceased and another action prosecuted by the heirs, *provided the question or objection is timely raised in a proper manner.* (*St. Louis S. M. & S. Ry. Co.* v. *Needham,* [8 Cir.], 52 Fed. 371, 3 C.C.A. 129; *McBride* v. *Berman,* 79 Ark. 62, 94 S.W. 913; *Whelan* v. *Rio Grande R. R. Co.,* 111 F. 326; *Salmon* v. *Rathjens, supra,* 152 Cal. 290, 92 P. 733; *Copeland* v. *City of Seattle, supra,* 33 Wash. 415, 74 Pac. 582, 65 L.R.A. 333; *Galveston H. & S. A. R. Co.* v. *Kutac, supra,* 72 Tex. 643, 11 S.W. 127).' (Emphasis added.)

"The emphasized portion of the quotation from *Whitley* is fundamental to the resolution of this issue. It means at the least that the defendants can waive the benefits of the single action general rule.

". . . . . . . . . . . . . . . . . . . . . . . . . .

"In the instant case appellants knew of additional, non-party heirs at the time they settled with McGrath. By voluntarily electing to settle an action with one heir at this time, with full knowledge of other non-party heirs, appellants thereby waived the right to insist upon a single action joined in by all heirs." (*Hogan* v. *Hermann, supra,* 623 P.2d at pp. 903-904, 21 A.L.R.4th at pp. 255-256.)

In *Salmon* v. *Rathjens, supra,* the California Supreme Court stated: "So far as heirs are concerned, a single joint cause of action is given. . . . The right of action in such a case being entirely statutory, the action must be brought in the names of the persons to whom the right is given by the statute. . . . An action by a portion only of the heirs is not the action authorized by our statute. All the heirs should, therefore, join as plaintiffs in an action by heirs, and if the consent of any one who should be so joined cannot be obtained, he may be made a defendant. (Code Civ. Proc., sec. 382.) It would, therefore, seem that *where all the heirs are not joined, and timely objection is made on that ground by a defendant, the action should be abated, or, at least, the other heirs should be made parties.*" (*Salmon* v. *Rathjens, supra,* 152 Cal. at pp. 294-295, italics added.)

In *Salmon,* the Supreme Court upheld the trial court's denial of the defendant's motion made during trial to amend his answer to allege the existence of another heir besides the named plaintiffs, stating: "No objection that there were other heirs was made by defendant in his answer, or until

the trial had commenced and was in progress, which was more than four months after the filing of the answer. Up to that time, the defendant had rested without denial or objection in this regard, upon the theory that plaintiffs, if heirs at all, were the only heirs, as we are satisfied he had the right to do under the complaint, if he had no knowledge of the existence of any other alleged heir. . . . By his failure to so make the objection that all the heirs of deceased had not been made parties, he had waived it (Code Civ. Proc., sec. 434), and no reason is apparent why such waiver should be allowed to be withdrawn after the case had come to trial upon the issues made by the pleadings. . . . [W]e are satisfied that defendant could not be subjected to a second recovery in a subsequent action by some other heir or heirs of *whose existence he had no knowledge at the time of this action.*" (*Salmon, supra,* at pp. 295-296, italics added.)

We hold that when, as in the present case, the defendant in a pending action has actual knowledge of the existence, identity and status of an omitted heir and fails to have said omitted heir made a party to the action, a settlement and dismissal with prejudice of the pending action will not bar a subsequent action by the omitted heir against the defendant.

Defendants by voluntarily electing to settle with the heirs in action No. 126778 with full knowledge of the existence, identity, and status of Hector as an heir of his father Jose Ruben Gonzales, thereby waived their right to insist upon a single action joined in by all the heirs.

Our holding renders moot the other issues raised by plaintiff in this appeal.

The judgment is reversed.

Hanson (P. D.), Acting P. J., and Hamlin, J., concurred.