[No. B130285. Second Dist., Div. Two. Dec. 9, 1999.]

MIGUEL GONZALES et al., Plaintiffs and Appellants, v.
SOUTHERN CALIFORNIA EDISON COMPANY et al., Defendants and
Respondents.

**COUNSEL**

William J. Cleary, Jr., and Alejandro Murgia for Plaintiffs and Appellants.

Hines, Redd, Gonzales, Ditonto, Cardoza & Garcia and David R. Garcia for Defendant and Respondent Southern California Edison Company.

Gibeaut, Mahan & Briscoe and John W. Allen for Defendants and Respondents Mark Louchheim and Cathy Louchheim.

## OPINION

MALLANO, J.*—Plaintiffs, Miguel and Estefania Gonzales, appeal from summary judgment, in an action for the wrongful death of their son, granted to defendants Southern California Edison Company (Edison) and Mark and Cathy Louchheim (the Louchheims; collectively defendants) by reason of the one action rule.[1] We reverse.

### FACTS

Plaintiffs, residents of Mexico, are the parents of the late Andres Corona Gonzales (decedent). Decedent was electrocuted on September 20, 1996, while trimming trees at the Louchheims' property in Beverly Hills. On February 11, 1997, decedent's minor daughter brought a wrongful death action against defendants, through guardian ad litem Carmelina Rubalcava, her mother (hereafter the first action). On September 3, 1997, plaintiffs, together with decedent's brother, commenced the present wrongful death action against defendants (and others, who are not parties to the judgment). The complaint alleged that plaintiffs were dependent on decedent (see Code Civ. Proc., § 377.60, subd. (b)).[2] It also referred to the pendency of the first action. Plaintiffs did not serve the original complaint on defendants.

On September 29, 1997, defendants deposed Carmelina Rubalcava in the first action. Counsel for both Edison and the Louchheims were present and questioned the witness. She testified that decedent's parents (i.e., plaintiffs) both were alive and living in Janamuato, Michoacan, and she provided their names. Rubalcava neither was asked nor testified regarding plaintiffs' dependence on decedent.

In November 1997, a little over a month following Rubalcava's deposition, defendants settled the first action. According to Edison's brief, the

---

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

[1]The caption of the pleadings in the trial court, and the judgment, identify plaintiff father as Alvaro Gonzales. The evidence reflects, however, that his name is actually Miguel Gonzales, whereas Alvaro Gonzales is the name of decedent's brother. We have entitled this decision accordingly. We refer to the various parties by descriptive terms.

[2]Undesignated section references are to the Code of Civil Procedure.

Louchheims paid $75,000, and Edison paid $1,500. The superior court approved the compromise and settlement, and the first action was dismissed.

In February 1998, plaintiffs filed a first amended complaint in this action. That pleading was served on Edison in February 1998, and on the Louchheims in March 1998. Plaintiffs subsequently filed a second amended complaint. Edison and the Louchheims separately demurred to it, contending in part that, the first action having been concluded, this case was barred under the rule that there may be only one action for wrongful death. The demurrers were overruled.

Edison renewed this contention by motion for summary judgment. In opposition, plaintiffs filed, among other things, a declaration by the decedent's brother, attesting that plaintiffs had been dependent on decedent. Decedent's brother declared that he had lived with decedent, decedent's daughter, and Rubalcava for several years preceding decedent's death. He explained that plaintiffs were field laborers who were required to support themselves and four minor children on less than $100 per month. Prior to his death, decedent, a day laborer, had regularly sent plaintiffs $300 to $500 per month. Attached to the declaration were two receipts for $500 postal money orders from decedent to plaintiff mother.

Plaintiffs contended that Edison had waived the one action rule by failing, after acquiring knowledge of plaintiffs, either to join them in the first action or to abate it. At the hearing, the trial court initially was disposed to deny the motion on this basis. However, the court then concluded that a different ruling was appropriate, because plaintiffs' counsel had been aware of the first action when he filed the present one, and could have joined plaintiffs in the first action. For this reason the court granted Edison's motion for summary judgment.

The court thereafter granted the Louchheims' motion for summary judgment, on essentially the same basis. Plaintiffs' motion for relief under sections 1008 and 473 was denied, and judgment was entered for all defendants.

## DISCUSSION

Section 377.60 provides that "A cause of action for the death of a person caused by the wrongful act or neglect of another may be asserted by any of the following persons or by the decedent's personal representative on their behalf: [¶] (a) The decedent's surviving . . . children . . . . [¶] (b) Whether or not qualified under subdivision (a), if they were dependent on the

decedent, the . . . parents. . . ." Thus, on the record before us, plaintiffs, as well as decedent's daughter, were within the class of persons entitled to sue for wrongful death.[3]

■ Generally, there may be only a single action for wrongful death, in which all heirs must join. There cannot be a series of such suits by individual heirs. (E.g., *Cross v. Pacific Gas & Elec. Co.* (1964) 60 Cal.2d 690, 693-694 [36 Cal.Rptr. 321, 388 P.2d 353].) This is the so-called one action rule. One of its effects is that settlement of a wrongful death case instituted by only some of the heirs will bar others from prosecuting another action against the same defendant. (*Mayerhoff v. Kaiser Foundation Health Plan, Inc.* (1977) 71 Cal.App.3d 803, 805-807 [138 Cal.Rptr. 319] (*Mayerhoff*) [affirming dismissal of dependent parents' separate action following settlement of spouse and children's action].) After settlement of the action, heirs who were neither voluntarily nor involuntarily joined in it must instead seek a remedy against the settling heirs, not the defendant. (*Smith v. Premier Alliance Ins. Co.* (1995) 41 Cal.App.4th 691, 697 [48 Cal.Rptr.2d 461] (*Smith*).) Defendants in the present case relied on these principles in seeking summary judgment.

■ The one action rule, however, is not jurisdictional, and its protections may be waived. (See *Cross v. Pacific Gas & Elec. Co., supra,* 60 Cal.2d at p. 692; *Ruttenberg v. Ruttenberg* (1997) 53 Cal.App.4th 801, 807-808 [62 Cal.Rptr.2d 78].) For example, "a wrongful death settlement will not terminate the action if the settlement includes less than all of the named heirs. By settling with less than all of the known heirs, the defendant waives the right to face only a single wrongful death action and the nonsettling heirs may continue to pursue the action against the defendant." (*Smith, supra,* 41 Cal.App.4th at p. 698.) Similarly, if the defendant settles an action that has been brought by one or more of the heirs, with knowledge that there exist other heirs who are not parties to the action, the defendant may not set up that settlement as a bar to an action by the omitted heirs. (*Id.* at p. 697; *Valdez v. Smith* (1985) 166 Cal.App.3d 723, 731 [212 Cal.Rptr. 638] (*Valdez*).)

*Valdez, supra,* 166 Cal.App.3d 723, is the leading case. There the decedent's widow and four of his minor children brought a wrongful death case against the defendants, which was settled. Subsequently, another heir (a fifth child, by a previous marriage) commenced a separate action. The defendants moved for summary judgment based on the one action rule. In opposition, much as here, the plaintiff showed that before the settlement transpired the mother had testified at deposition about the plaintiff's existence, identity,

---

[3]Hereafter we refer to the persons in that class as heirs. (Cf. former § 377, subd. (b).)

and status as the decedent's son. "Defendants' counsel conceded at the hearing on the motion for summary judgment that defendants were aware of plaintiff's existence, identity and status as an heir of decedent." (*Id.* at p. 725.) The trial court nevertheless granted summary judgment, but the Court of Appeal reversed.

After reviewing the conventional rules regarding the operation of the one action rule, the court held that it should not and did not control the case before it. The court noted that prior decisions had characterized an action that omitted some of the heirs as not being the type of case contemplated by the wrongful death statute, and had spoken of providing the defendant protection from successive suits by heirs of whose existence the defendant had not known. (*Valdez, supra,* 166 Cal.App.3d at pp. 727-728.) But "In the case at bench, the defendants were aware that an heir was not included in the suit. They had knowledge that the suit was not the type contemplated under the statute. [Citations.] Defendants could have made a timely objection and had the action abated or at least could have made plaintiff a party to the action. [Citations.] . . . [T]he failure of defendants to do so should not estop the plaintiff from bringing his rightful claim for wrongful death." (*Id.* at p. 728.)

The *Valdez* court concluded: "We hold that when, as in the present case, the defendant in a pending action has actual knowledge of the existence, identity and status of an omitted heir and fails to have said omitted heir made a party to the action, a settlement and dismissal with prejudice of the pending action will not bar a subsequent action by the omitted heir against the defendant." (*Valdez, supra,* 166 Cal.App.3d at p. 731.) The defendants had "waived their right to insist upon a single action joined in by all the heirs." (*Ibid.*; accord, *Smith, supra,* 41 Cal.App.4th at p. 697 ["if the defendant had *knowledge* of the omitted heir, but did not attempt to abate the action or join the heir, the defendant waives the right to a single wrongful death action . . . ."].)

 The facts of the present case are sufficiently similar to those of *Valdez, supra,* 166 Cal.App.3d 723, to invoke its rationale and result. Defendants do not dispute that they were aware of the existence and identity of plaintiffs before they settled the first case. Yet they did not seek to join plaintiffs in the first case, or to abate it on account of plaintiffs' absence. Defendants nevertheless offer two lines of argument why dismissal was yet proper. Neither is compelling.

The Louchheims argue that the evidence did not reflect that they had knowledge that plaintiffs were dependent on decedent, a factor necessary

to plaintiffs' status as heirs under section 377.60, subdivision (b). This assertion, however, overlooks that all of the defendants were aware, through the deposition testimony of Rubalcava before settlement, that decedent had parents who were living in Mexico. Even if that testimony did not expressly confer actual knowledge of plaintiffs' dependent status, it put defendants on notice that there existed additional potential heirs. And had defendants inquired of Rubalcava regarding plaintiffs' dependence on decedent, it appears certain that she would have confirmed it. According to decedent's brother, Rubalcava had been living not only with decedent but also with his brother, who later testified in detail about plaintiffs' dependence.

There are numerous contexts in which a party "is held to her actual knowledge as well as knowledge that could reasonably be discovered through investigation of sources open to her." (*Jolly v. Eli Lilly & Co.* (1988) 44 Cal.3d 1103, 1109 [245 Cal.Rptr. 658, 751 P.2d 923].) We see no reason why this should not be so with respect to wrongful death defendants that learn of the existence and identity of possible additional heirs who are not parties, yet proceed to settle in short order with those who are parties. We conclude that under the facts shown below, defendants were not entitled to invoke the one action rule.[4]

Edison offers a second line of argument, which echoes the concerns that led the court to change its tentative disposition in plaintiffs' favor. Edison contends that because plaintiffs were aware of the first action when they commenced this one, it was their burden to join in the first action, on pain of being barred from recovery by the one action rule. This argument, however, begs the question. It is true that an heir—rather than the defendant—generally bears the burden of joining in a wrongful death action in order to recover through it. (*Smith, supra,* 41 Cal.App.4th at p. 699; see *Mayerhoff, supra,* 71 Cal.App.3d at p. 807.) On the other hand, the defendant too has the ability to cause an omitted heir to be joined, and if the defendant knows of such an heir but settles the case without joining that heir or seeking to abate the action, the defendant remains subject to the heir's separate action. (*Smith, supra,* at p. 697; *Valdez, supra,* 166 Cal.App.3d at p. 731.) That is the rule that controls this case.

---

[4]The trial court itself apparently agreed that what defendants reasonably should have known was relevant. In its minute order granting the Louchheims' summary judgment motion, the court stated, "There is no evidence to suggest that [the Louchheims] knew of or reasonably should have known of the existence of Plaintiffs prior to service of the First Amended Complaint on them in March of 1998." Although this statement was factually incorrect, given Rubalcava's deposition testimony of September 1997, its implicit understanding of the relevant measure of knowledge accords with ours.

## Disposition

The judgment is reversed. Plaintiffs shall recover costs.

Boren, P. J., and Nott, J., concurred.