[No. C053700. Third Dist. Oct. 18, 2007.]

JOSE REYNALDO ROMERO, Plaintiff and Appellant, v.
PACIFIC GAS AND ELECTRIC COMPANY et al., Defendants and
Respondents.

## Counsel

Kevin G. Farnworth for Plaintiff and Appellant.

Ryan & Fong and Marla R. Weston for Defendants and Respondents.

## Opinion

**BLEASE, Acting P. J.**—The son of plaintiff Jose Reynaldo Romero and Linda Brekelmans was killed in an accident involving defendant Pacific Gas and Electric Company (PG&E). Linda Brekelmans brought a wrongful death action against PG&E, naming but not serving her husband as a nominal defendant under Code of Civil Procedure section 382.[1] She settled the action with PG&E without the participation of Romero and it was dismissed.

Thereafter, Romero brought this action for wrongful death against PG&E. This is an appeal from the judgment of dismissal after the trial court sustained PG&E's demurrer without leave to amend. The issue is whether a tortfeasor waives the protection of the one action rule when it enters into a settlement of a wrongful death action that does not include an heir who has been made a nominal defendant in the action pursuant to section 382, but has not been served.

A tortfeasor waives the protection of the one action rule by settling with less than all the known heirs if such heirs are not a party to the action. (*Valdez v. Smith* (1985) 166 Cal.App.3d 723, 726–727 [212 Cal.Rptr. 638].) An heir named as a nominal defendant under section 382 but not served with a summons and complaint is not properly joined in the action, and accordingly is not a party to the action. (*Ruttenberg v. Ruttenberg* (1997) 53 Cal.App.4th 801, 804 [62 Cal.Rptr.2d 78].)

---

[1] References to an undesignated section are to the Code of Civil Procedure.

■ Nevertheless, PG&E argues that it is protected by the one action rule because Romero was ostensibly joined in the action, and PG&E had no knowledge that Romero had not been served. It seeks implied reliance on the bare inference that because Romero was named as a nominal defendant under section 382 that it could act as if he had elected not to seek recompense for the wrongful death of his son. We disagree.

■ No such inference can be drawn from that circumstance. A person named as a nominal defendant and properly joined is "in reality, [a] plaintiff[] in the case." (*Watkins v. Nutting* (1941) 17 Cal.2d 490, 498 [110 P.2d 384].) "A jury is properly instructed upon the issue of damages suffered by a party joined as a defendant under section 382 even though that 'defendant' does not participate in the trial . . . ." (*Estate of Kuebler v. Superior Court* (1978) 81 Cal.App.3d 500, 504 [146 Cal.Rptr. 481], citation omitted.)

However, in this case Romero was not served and was not a party to the action. It is not a defense to the waiver rule that the defendant was unaware that a known heir joined as a nominal defendant was not served. The defendant has the burden and the means of determining whether an heir has been served and accordingly its failure to do so does not take the case out of the rule of the *Valdez* case. Moreover, the naming of an heir as a nominal defendant is notice of the existence of the heir sufficient to bring the case within *Valdez v. Smith*.

We shall reverse the judgment of dismissal.

## FACTUAL AND PROCEDURAL BACKGROUND

Jose Romero's original complaint alleged that plaintiff Romero was the father of Joseph Brekelmans, who was killed when an open trench in which he was playing collapsed.

PG&E demurred to Romero's original complaint on the ground that Joseph's mother had previously filed a wrongful death action in which Romero was named as a defendant; therefore, Romero's action for wrongful death violated the one action rule.[2] The trial court sustained the demurrer with leave to amend.

Romero's first amended complaint added allegations that Joseph Brekelmans's mother, Linda Brekelmans, filed a lawsuit against several

---

[2] "Generally, there may be only a single action for wrongful death, in which all heirs must join. There cannot be a series of such suits by individual heirs. [Citation.] This is the so-called one action rule." (*Gonzales v. Southern Cal. Edison Co.* (1999) 77 Cal.App.4th 485, 489 [91 Cal.Rptr.2d 530].)

defendants, including PG&E, in which Romero was named as a defendant, but never served. Linda Brekelmans settled her action in its entirety and dismissed it with prejudice.[3] Romero did not participate in the mother's action, and did not receive any proceeds from the settlement of that action.[4]

PG&E demurred to the first amended complaint, arguing again that Romero's suit violated the one action rule, and that the fact that Romero was never properly served was immaterial, since PG&E "had every reason to believe that he had been properly joined in the lawsuit." The trial court sustained the demurrer without leave to amend, stating, "Plaintiff has not cited any cases, and the court knows of none, where a wrongful death defendant is liable to an omitted heir when the heir is named in the wrongful death action, and appears to have been properly joined by the plaintiff, and defendant has no knowledge to the contrary."

## DISCUSSION

### I

### The One Action Rule

A cause of action for wrongful death is authorized by section 377.60. As is relevant here, that statute provides that a cause of action for wrongful death may be asserted by the persons, "who would be entitled to the property of the decedent by intestate succession." (§ 377.60, subd. (a).) The wrongful death statute has been interpreted to authorize only a single action, in which all the decedent's heirs must join. (*Gonzales v. Southern Cal. Edison Co.*, *supra*, 77 Cal.App.4th at p. 489.)

Any heir who does not consent to be joined as a plaintiff in the wrongful death action must be named as a defendant pursuant to section 382.[5] (*Salmon v. Rathjens* (1907) 152 Cal. 290, 295 [92 P. 733].) If an heir is not included in the original wrongful death action, the heir may not subsequently bring an independent action against the tortfeasor unless the tortfeasor had knowledge of the existence of the heir at the time of the settlement.

---

[3] The record contains the entry of dismissal from Brekelmans's action, but does not contain a judgment of dismissal from that action.

[4] On the same day Romero filed his complaint in this action, he filed a cross-complaint in the Brekelmans action. However, by that time Brekelmans and PG&E had already entered into a settlement agreement and the action had been dismissed. For that reason the trial court in the Brekelmans action struck the cross-complaint.

[5] Section 382 states in pertinent part: "If the consent of any one who should have been joined as plaintiff cannot be obtained, he may be made a defendant, the reason thereof being stated in the complaint . . . ."

(*Valdez v. Smith, supra*, 166 Cal.App.3d at pp. 726–727.) This is the case even if the plaintiff was aware of the existence of another heir. (*Id.* at p. 726.) The wrongfully omitted heir's remedy is against the heir (plaintiff) who brought the wrongful death action. (*Smith v. Premier Alliance Ins. Co.* (1995) 41 Cal.App.4th 691, 697 [48 Cal.Rptr.2d 461] (*Premier Alliance*); *Ruttenberg v. Ruttenberg, supra*, 53 Cal.App.4th at p. 804.)

II

Exceptions to the One Action Rule

A. *Heir Not a Party to the Action*

■ There is an exception to the one action rule if the tortfeasor voluntarily elects to settle the case with less than all of the heirs, having knowledge of the omitted heir's existence and status as an heir. (*Valdez v. Smith, supra*, 166 Cal.App.3d at p. 731.) The exception applies where the omitted heir is not joined in the original action.

■ *Valdez* held that "when . . . the defendant in a pending action has actual knowledge of the existence, identity and status of an omitted heir *and fails to have said omitted heir made a party to the action*, a settlement and dismissal with prejudice of the pending action will not bar a subsequent action by the omitted heir against the defendant." (*Valdez v. Smith, supra*, 166 Cal.App.3d at p. 731, italics added.)

In *Valdez*, the wrongful death action was brought by the decedent's widow on behalf of herself and her minor children. (*Valdez v. Smith, supra*, 166 Cal.App.3d at p. 725.) The complaint did not name the decedent's child by a prior marriage as a plaintiff or defendant but the tortfeasors were aware of the omitted child's existence, identity and status as an heir. (*Ibid.*) The original action was settled with the widow and dismissed with prejudice. (*Ibid.*) The court held that the tortfeasors waived their right to assert the one action rule as a bar to the omitted child's action when they settled the original action with knowledge of the existence, identity, and status of the omitted heir, and failed to have the omitted heir made a party to the action. (*Id.* at p. 731.)

The exception also applies if the tortfeasor is on notice of the omitted heir's existence, whether or not it has actual knowledge of the existence of such heirs. (*Gonzales v. Southern Cal. Edison Co., supra*, 77 Cal.App.4th at p. 491.) In *Gonzales* the decedent's daughter, through her mother as guardian ad litem, brought a wrongful death action in which the decedent's parents were not named as heirs, but of whose existence the tortfeasors were aware because their names and relationship to the decedent were provided in a

deposition. (*Id.* at p. 487.) The daughter's action was settled. (*Id.* at p. 488.) Subsequently, the parents filed a complaint in a separate action, and evidence was adduced that the parents were dependent on the decedent for support, making them heirs for purposes of the wrongful death statute. (*Ibid.*)

■ The court held that even though the deposition testimony did not confer actual knowledge of the parents' status as heirs, it put the tortfeasors on notice and they should be held to both actual knowledge or knowledge that reasonably could be discovered through investigation. (*Gonzales v. Southern Cal. Edison Co., supra*, 77 Cal.App.4th at p. 491.) The court stated that knowledge of the heirs' existence and status as heirs should be attributed to "wrongful death defendants that learn of the existence and identity of possible additional heirs who are not parties, yet proceed to settle in short order with those who are parties." (*Ibid.*)

## B. *Heir Named As a Party*

■ The only distinction between this case and *Valdez v. Smith* is that here the heir was named as a defendant in the prior action pursuant to section 382. However, merely naming a person as a nominal defendant under section 382 is not the equivalent of joining the person in the lawsuit. A party is not properly joined unless served with a summons and complaint. (*Ruttenberg v. Ruttenberg, supra*, 53 Cal.App.4th at p. 808.) Consequently, this case falls squarely under the authority of *Valdez v. Smith, supra*, 166 Cal.App.3d 723, and *Gonzales v. Southern Cal. Edison Co., supra*, 77 Cal.App.4th 485, which hold that a defendant who is aware of the existence of additional nonparty heirs may not settle the action, then invoke the one action rule.

PG&E admits for purposes of this appeal that Romero was not properly joined in the Brekelmans action. It argues there should be no exception to the one action rule because it "did not clearly have knowledge that the heirs were not all joined."[6] It seeks to place the onus on the mother to ensure that the father was properly joined. In effect PG&E argues that it does not waive the one action rule by settling with less than all the known heirs as long as it reasonably believes that all the heirs of whom it has notice or knowledge are joined in the action. PG&E misunderstands the law.

■ Waiver of the protection of the one action rule turns on the defendant's knowledge of the existence or possible existence of an heir. (*Valdez v.*

---

[6] PG&E's claim that the mother's complaint "clearly represented" on its face "that the litigating heirs had joined all heirs and had determined that Romero did not wish to participate" is unfounded. The complaint merely states that Romero "was the natural father and is the only other surviving heir-at-law of DECEDENT and is named as a Defendant herein pursuant to CCP section 377.60."

*Smith, supra*, 166 Cal.App.3d at p. 731 [settlement of first action does not bar subsequent action where the defendant had "actual knowledge of the existence, identity and status of an omitted heir and fail[ed] to have said omitted heir made a party to the action . . . ."]; *Gonzales v. Southern Cal. Edison Co., supra*, 77 Cal.App.4th at p. 491 [defendants may not invoke the one action rule where they "learn of the existence and identity of possible additional heirs who are not parties, yet proceed to settle in short order with those who are parties"].) The naming of an heir as a nominal defendant manifestly puts the defendant on notice of the heir's existence regardless whether the heir has been joined by service of process.

■ PG&E takes the position that it could infer Romero was properly joined from the fact that he was named a defendant pursuant to section 382. We disagree. No inference of proper service necessarily can be drawn from the mere fact that a party is named as a defendant, and service could not have been alleged in the complaint because it would have occurred subsequent to the filing of the complaint. A defendant is entitled to rely on allegations in a wrongful death complaint that the plaintiffs are the only heirs. (*Salmon v. Rathjens, supra*, 152 Cal. at p. 295.) However, no inference of proper service follows from the mere naming of a defendant under section 382. Instead, the burden is on the tortfeasor wishing to avail itself of the one action rule to cause a known heir to be joined in the action. (*Valdez v. Smith, supra*, 166 Cal.App.3d at p. 728.)

Moreover, PG&E may not assert reliance on the Brekelmans complaint to draw an inference that Romero did not wish to participate in the action when the complaint did not strictly comply with section 382, which requires that "[i]f the consent of any one who should have been joined as plaintiff cannot be obtained, he may be made a defendant, [if] the reason thereof [is] stated in the complaint . . . ." Brekelmans's complaint stated Romero, "was the natural father and is the only other surviving heir-at-law of DECEDENT and is named as a Defendant herein pursuant to CCP section 377.60." The allegation failed to state the reason that Romero's consent could not be obtained. (See *Watkins v. Nutting, supra*, 17 Cal.2d at p. 498 [holding a similar allegation did not strictly comply with section 382].)

■ More importantly, since PG&E was a party to the action it would have been a simple matter for it to determine whether Romero had been served with the summons and complaint by reviewing the court's file. As indicated in *Valdez v. Smith*, the burden is on the tortfeasor wishing to avail itself of the one action rule to cause a known heir to be joined in the action. (*Valdez v. Smith, supra*, 166 Cal.App.3d at p. 728 ["Defendants could have made a timely objection and had the action abated or at least could have made [the heir] a party to the action. . . . [T]he failure of defendants to do so

should not estop the plaintiff from bringing his rightful claim for wrongful death."].) Where a tortfeasor wishes to avail itself of the protections of the one action rule, the burden is on the tortfeasor to ascertain whether the heirs named as defendants have been properly joined.

In *Premier Alliance, supra*, 41 Cal.App.4th 691, the court agreed with our conclusion, albeit in dictum. The wife of a decedent named the decedent's two children by a prior marriage as nominal defendants in her wrongful death action against the pilot of an airplane but apparently did not serve them with the complaint. (*Id.* at p. 695.) The wife settled with the pilot's insurance company, but no funds were paid to the children. (*Ibid.*) The children then sued the insurance company, not for wrongful death, but for tortious interference with succession rights, claiming the company failed to inform the children of the settlement and failed to pay the children their share of the settlement. (*Ibid.*) With regard to the tortious interference claim the court held that the insurance company owed the children no duty because it did not deprive them of any rights by settling with the wife alone.

However, the court distinguished the claim of tortious interference from a wrongful death claim. It noted the "[c]hildren were nominal defendants in the wrongful death action. Because they were therefore known to [the insurance company] and [defendant pilot] at the time of settlement, the single-action rule would not have been a bar to the continued prosecution of their wrongful death action against [the pilot]." (*Premier Alliance, supra*, 41 Cal.App.4th at pp. 699–700.)

■ We do not have occasion to decide whether PG&E would have waived the protection of the one action rule had Romero been properly joined as a defendant in the Brekelmans action. However, we are in agreement with the reasoning set forth in *Premier Alliance*. There, the court explained that if a tortfeasor settles the case with *all* of the heirs, the court has authority to apportion the settlement based on the proportion that the heir's personal damage bears to the damage suffered by the others. (*Premier Alliance, supra*, 41 Cal.App.4th at p. 698.) "In the alternative, a wrongful death defendant may settle with less than all of the known heirs. Just as a judgment on behalf of some heirs will not preclude a future action by a known but omitted heir, a wrongful death settlement will not terminate the action if the settlement includes less than all of the named heirs. By settling with less than all of the known heirs, the defendant waives the right to face only a single wrongful death action and the nonsettling heirs may continue to pursue the action against the defendant. This remains true even if the nonsettling heirs are nominally defendants in the case." (*Ibid.*)

We note that in this case the Brekelmans action was dismissed following the settlement with PG&E, as was Romero's cross-complaint in that action, thereby preventing Romero from securing his rights in that action. (See fn. 4, *ante.*)

## DISPOSITION

The judgment of dismissal following the order sustaining the demurrer is reversed. The cause is remanded for further proceedings consistent with this opinion. Plaintiff shall recover his costs on appeal. (Cal. Rules of Court, rule 8.276(a)(1).)

Sims, J., and Davis, J., concurred.