[No. A017397. First Dist., Div. Four. Oct. 31, 1985.]

ANN H. STILES, Plaintiff and Appellant, v.
Estate of JERRY LEE RYAN, Deceased, et al.,
Defendants and Respondents.

**[Opinion certified for partial publication.[1]]**

---

[1]Parts I, II, III, and V(3) (only) are not published, as they do not meet the standards for publication contained in rule 976(b), California Rules of Court.

1058

## COUNSEL

Elizabeth Bailey and Bruce Albion Bailey for Plaintiff and Appellant.

Paul H. Cyril, Elliot L. Bien and Bronson, Bronson & McKinnon for Defendants and Respondents.

## OPINION

**POCHÉ, J.**—Plaintiff Ann H. Stiles appeals from a judgment awarding her damages in an amount much less than she sought in this wrongful death action arising out of an airplane crash in which her daughter, Connie Jean Stiles Ryan, was killed. Defendant and respondent Ralph C. Brehl, Jr. (Brehl) was the owner of the airplane, which was on lease to defendant and respondent Beechcraft West (Beechcraft). Beechcraft had rented the plane to Jerry Lee Ryan (Ryan), Connie's husband, who along with his parents also died in the crash. Ryan's estate is the third defendant and respondent in this action.[2]

Prior to trial, defendants offered to compromise the action (Code Civ. Proc., § 998)[3] for the sum of $30,000.01. Plaintiff did not accept the offer and it lapsed. Following a court trial, she was awarded damages in the amount of $24,000 against Ryan's estate and Brehl; Beechcraft was found not liable. Application of the penalty provisions of section 998, however, reduced her net recovery to $18,328.56

This appeal by Stiles follows.

---

[2]The action against Ryan's estate was pursuant to Probate Code section 721, and hence recovery was limited to the amount of Ryan's liability insurance.

[3]Unless otherwise indicated, all further statutory references are to the Code of Civil Procedure.

### I.-III.[4]

*The evidence*

. . . . . . . . . . . . . . . . . . . . . . . . . .

### IV.

*The offer to compromise*

Plaintiff's primary challenge on appeal is to the application of the penalty provisions of the offer to compromise scheme of section 998.[10] In her view, defendants' offer to compromise was "fatally uncertain" and void because it failed to specify "essential terms and conditions" concerning another heir of Connie Ryan: Harvey Chaddock.

Plaintiff filed her complaint on March 12, 1980. Therein she named herself as the only plaintiff and "*the* surviving dependent mother *and heir*" of Connie. (Italics added.) Thereafter on August 19, 1981, she filed a stipulated amendment to the complaint adding Harvey Chaddock and one Gene Meyers as nominal defendants pursuant to section 382.[11] Therein plaintiff alleged that Meyers not Chaddock was Connie Ryan's natural father. Al-

---

[4]See footnote 1, *ante,* page 1057.

[10]Section 998 provides in pertinent part: "(a) The costs allowed under Sections 1031 and 1032 shall be withheld or augmented as provided in this section.

"(b) Not less than 10 days prior to commencement of the trial as defined in subdivision 1 of Section 581, any party may serve an offer in writing upon any other party to the action to allow judgment to be taken in accordance with the terms and conditions stated at that time. If such offer is accepted, the offer with proof of acceptance shall be filed and the clerk or the judge shall enter judgment accordingly. If such offer is not accepted prior to trial or within 30 days after it is made, whichever occurs first, it shall be deemed withdrawn, and cannot be given in evidence upon the trial.

"(c) If an offer made by a defendant is not accepted and the plaintiff fails to obtain a more favorable judgment, the plaintiff shall not recover his costs and shall pay the defendant's costs from the time of the offer. In addition, in any action or proceeding other than an eminent domain action, the court, in its discretion, may require the plaintiff to pay the defendant's costs from the date of filing of the complaint and a reasonable sum to cover costs of the services of expert witnesses, who are not regular employees of any party, actually incurred and reasonably necessary in either, or both, the preparation or trial of the case by the defendant.

" . . . . . . . . . . . . . . . . . . . . . . . . .

"(g) The costs for services of expert witnesses for trial under subdivisions (c) and (d) shall not exceed those specified in Section 68092.5 of the Government Code."

[11]Section 382 provides in pertinent part: "If the consent of any one who should have been joined as plaintiff cannot be obtained, he may be made a defendant, the reason thereof being stated in the complaint."

Meyers never appeared in the action.

though she alleged that Chaddock was not an heir of Connie Ryan, she named Chaddock as "possible or asserted heir" of Connie Ryan "to bring all parties before the Court which [*sic*] are claiming an interest in the matter."

Nine days later, i.e., August 28, plaintiff singly filed an offer to compromise the action against all defendants for $60,000.

Defendants countered by filing on September 1 their own offer to compromise the action for $30,000.01. The relevant portion of that offer is as follows: "Please Take Notice that, pursuant to CCP § 998, defendants . . . hereby offer to allow judgment to be taken in favor of plaintiff, Ann H. Stiles, for $30,000.01. Said sum will include plaintiff's costs of suit to date." Respondents' offer lapsed without acceptance in 30 days. (§ 998, subd. (a), see fn. 10, *ante.*)

In December of 1981, over plaintiff Stiles' objection, the trial court granted Chaddock's motion to be designated as a plaintiff. Chaddock was at that time, and at all relevant times, represented by counsel different from that representing Stiles. Chaddock dismissed with prejudice his action against defendants prior to rendition of judgment.

■ Plaintiff first argues that the offer to compromise should have been interpreted as being a lump sum offer to settle with all of Connie Ryan's heirs, and that because the offer did not apportion the amount between the two heirs, Stiles and Chaddock, it was void.

The trial court, however, concluded that defendants' offer to compromise was made individually to Stiles. The plain, unambiguous language of the offer renders that conclusion the only reasonable one under the circumstances. The offer therefore was not void.[12]

---

[12]Plaintiff's reliance on *Randles* v. *Lowry* (1970) 4 Cal.App.3d 68 [84 Cal.Rptr. 321] is misplaced.

*Randles* was an action arising out of a traffic accident wherein defendant collided with the rear end of a vehicle driven by plaintiff father. Father sued for damages to his car. Plaintiff mother and plaintiff son, passengers in the car, sued for their personal injuries. Defendant's offer to compromise was for $2,300 but did not designate the amount offered to each plaintiff. Judgment was rendered in favor of mother and son against defendant in the sums of $1,840.49 and $40.50 respectively, but in favor of defendant as against the claim of father. (At p. 70.) The trial court held that plaintiffs mother and son were not entitled to recover their costs incurred after receipt of the offer to compromise because the total judgment was less than the $2,300 offer. The Court of Appeal disagreed, finding the offer to compromise a "nullity": "The offer was made jointly to all plaintiffs, without designating how it should be divided between them. It is therefore impossible to say that any one plaintiff received a less favorable result than he would have under the offer to compromise." (At p. 74.)

Here, as we have stated, the offer to compromise was made solely to plaintiff Stiles; accordingly, it was not a "nullity" as the offer was in *Randles.*

█ Plaintiff's fallback position is that the offer to compromise must be construed as being made to both heirs for it to be consistent with the law of wrongful death in this state. (See § 377.) █ █ Looking to the general rule that only one action for wrongful death may be maintained (the so-called "one action rule") (see, e.g., *Cross* v. *Pacific Gas & Elec. Co.* (1964) 60 Cal.2d 690, 694 [36 Cal.Rptr. 321, 388 P.2d 353]; *Canavin* v. *Pacific Southwest Airlines* (1983) 148 Cal.App.3d 512, 529-530 [196 Cal.Rptr. 82]) she contends that had she accepted the offer to compromise and settled the action, defendants could have prevented Chaddock from pursuing an independent action for the wrongful death of Connie Ryan. Plaintiff maintains that to avoid such an occurrence the offer to compromise must be construed as being made to both heirs, i.e., plaintiff and Chaddock.

In support of this novel proposition, plaintiff relies on *Estate of Kuebler* v. *Superior Court* (1978) 81 Cal.App.3d 500 [146 Cal.Rptr. 481]. *Kuebler* holds quite the opposite.

In *Kuebler,* a mother brought an action under section 377 for the wrongful death of three minor children against the estates of the two paternal grandparents, who also were killed in the airplane crash which killed the children. The children's father was named as a nominal defendant in the action. The father also brought a wrongful death action under the provisions of Probate Code section 721, limited to the amount of the insurance coverage for the two estates. Therein he named the mother as a nominal defendant. Although mother and father agreed in principle to the consolidation of the two actions but prior to the entry of a consolidation order, mother settled her claim and dismissed her action with prejudice.

Thereafter the insurance companies for the estates asserted that mother's dismissal operated as a bar to father's action. Not only did the reviewing court disagree with that proposition with respect to the probate action, it also held that the father could proceed with the statutory wrongful death action brought by mother because although he was a nominal defendant in that action, he was "in reality" a plaintiff. (At p. 504.) "The settlement by one party plaintiff ordinarily does not operate to bar the actions of other plaintiffs." (*Ibid.*)

█ █ █ █ In short, the *Kuebler* holding is at war with what plaintiff asserts: had she accepted the offer of compromise and dismissed her action, Chaddock nevertheless would have been able to proceed because

he was "in reality" a plaintiff.[13] (See also *Valdez* v. *Smith* (1985) 166 Cal.App.3d 723, 730 [212 Cal.Rptr. 638].)

Nor has any reason been suggested to conclude that to be valid an offer to compromise must be made to all plaintiffs in a wrongful death action.

In sum, we conclude: (a) that the trial court properly determined that the offer to compromise was made individually to plaintiff Stiles; and (b) notwithstanding Chaddock's status as a nominal defendant in the action, the offer to compromise was valid even though he was not mentioned therein.

For these reasons there was no bar to the application of the provisions of section 998 to the instant action.

## V.

### *Costs*

Plaintiff finally makes numerous challenges to the trial court's award of costs in this case. Specifically she challenges: (1) the denial of certain of her costs; (2) the award of certain costs to defendants; and (3) the denial of her request to amend her original cost bill. We review each of these claims separately.

### (1) *Her cost claims*

As a general rule, a plaintiff is entitled to recover its costs as a matter of course "upon a judgment in his favor." (§ 1032, subd. (a).)[14] But where, as here, the plaintiff recovers less than what was offered in the offer to compromise "the plaintiff shall not recover his costs and shall pay the de-

---

[13]The opposite occurred here: Chaddock settled before rendition of judgment and dismissed his action. If plaintiff's view of the law were accurate, why was she allowed to proceed to judgment? The answer is: the settlement of one party plaintiff does not operate to bar the action of another. (*Estate of Kuebler* v. *Superior Court, supra,* 81 Cal.App.3d at p. 504.)

[14]Section 1032 provides in pertinent part: "In the superior court, except as otherwise expressly provided, costs are allowed of course: [¶] (a) To a plaintiff upon a judgment in his favor; . . . in an action for the recovery of money or damages. . . . [¶] (b) To the defendant upon a judgment . . . in the actions mentioned in subdivision (a) of this section, or as to whom the action is dismissed. When there are several defendants in any action mentioned in subdivision (a) of this section, not united in interest, and making separate defenses by separate answers, and plaintiff fails to recover judgment against all, the court must award costs to such of the defendants as have judgment in their favor. [¶] (c) In other actions than those mentioned in this section costs may be allowed or not, and if allowed, may be apportioned between the parties, on the same or adverse sides, in the discretion of the court."

fendant's costs from the time of the offer." (§ 998, subd. (c); see fn. 10, *ante.*) ■ Thus, a plaintiff who fails to obtain a judgment more favorable than what was set forth in the offer to compromise is limited to recovering only his or her preoffer costs. (*Brown* v. *Nolan* (1979) 98 Cal.App.3d 445, 451-452 [159 Cal.Rptr. 469]; accord *Shain* v. *City of Albany* (1980) 106 Cal.App.3d 294, 297-299 [165 Cal.Rptr. 69].)

Here the trial court denied three items in plaintiff's cost bill: (1) the filing fee "re summons and complaint"; (2) the transcription charges for plaintiff's deposition; and (3) the transcription charges for Alan Crawford's deposition. Even though these costs were incurred prior to the offer to compromise, the trial court disallowed them because plaintiff did not prevail against *Beechcraft.* As will be shown, this determination was erroneous.

■ Defendants contend that the trial court had the discretion to disallow plaintiff's preoffer costs because plaintiff did not prevail against all three defendants. In other words, the argument is that to be entitled to recover her preoffer costs plaintiff was required to prevail against all defendants. We disagree.

■ Here the three defendants were united in interest and made identical defenses by way of a joint answer. Accordingly, even though Beechcraft was successful in its defense of the action, it was not entitled to its costs as a matter of course under subdivision (b) of section 1032. (See *Smith* v. *Circle P Ranch Co.* (1978) 87 Cal.App.3d 267, 272 [150 Cal.Rptr. 828].) Thus—prescinding from the offer to compromise—as between Beechcraft and plaintiff, Beechcraft's ability to recover its costs was restricted to the discretionary cost provisions of subdivision (c) of section 1032. (*Smith* v. *Circle P Ranch Co., supra,* 87 Cal.App.3d at p. 272, citing *Kramer* v. *Ferguson* (1964) 230 Cal.App.2d 237, 249 [41 Cal.Rptr. 61].)

■ Defendants argue that plaintiff's ability to recover her costs was similarly limited to the discretionary provisions of subdivision (c) because she did not prevail against all three defendants. In other words, defendants claim that plaintiff cannot qualify under the mandatory cost provision of subdivision (a) because she did not prevail against all three defendants. We do not read that subdivision so narrowly.

We note that a similar factual situation was presented in *Oakes* v. *McCarthy Co.* (1968) 267 Cal.App.2d 231 [73 Cal.Rptr. 127]. There, plaintiffs sued numerous defendants to recover damages resulting from earth movement under their house; they received judgment in their favor against only two defendants. On appeal, the losing defendant requested that the costs be apportioned. In rejecting the contention, the court stated, "Under section

1032 of the Code of Civil Procedure, plaintiffs in an action to recover money damages were entitled to costs as a matter of course. It was not necessary that they recover on all of their various theories or causes of action or counts." (At p. 256.) In other words, even though plaintiffs had not prevailed against all the defendants, they were entitled to recover their costs against the two losing defendants. But the losing defendants were not entitled to an apportionment of the costs.

Similarly, plaintiff in the instant case was entitled to recover her costs as a matter of course under subdivision (a) of section 1032, even though she prevailed against only two of the three defendants. However, section 998 limited recoverable costs to those which were incurred prior to the offer to compromise. The three items challenged here so occurred; the trial court therefore had no discretion to deny her these costs as against Brehl and Ryan's estate.

(2) *Challenge to certain costs awarded to defendants*

The trial court granted defendants all of their costs incurred *subsequent* to the offer to compromise plus fees spent on certain expert witnesses from the date of the filing of the complaint. Included therein were $1,048 in fees for witness Tim Whelan at trial, representing lost time to the employers and personal expenses, expert fees for deposition of two experts (Barry Hughes and Norman Horton), and fees for experts Chuck Carel and Patrick Smith.

█ Plaintiff first makes a general challenge to the award of costs for certain experts whose testimony was not needed because of the concession of negligence on the part of Ryan. In her view, awarding the costs of these depositions was an abuse of discretion because that deposition testimony helped to "establish the conceded negligence" of Ryan.

Subdivision (c) of section 998 provides that "the court, in its discretion, may require the plaintiff to pay the defendant's cost from the date of filing of the complaint and a reasonable sum to cover costs of the services of expert witnesses, who are not regular employees of any party, *actually incurred and reasonably necessary in either,* or both, *the preparation or trial of the case by the defendant.*" (Italics added.) On the face of the facts before the trial court these deposition costs at the time they were incurred met the statutory definition of being "reasonably necessary" in preparation of the case. Hence no abuse of discretion occurred in awarding these costs to defendants.

█ Plaintiff next challenges the costs for the services of defendants' expert Tim Whelan who did testify at trial. Initially the trial court disal-

lowed this cost, believing that it was incurred prior to the offer to compromise. Later the court awarded it, however, when it was pointed out that Whelan was a trial expert. Whelan's expenses were not recoverable.

Although subdivision (c) of section 998 affords the trial court the discretion to award as costs to defendants "a reasonable sum to cover costs of the services of expert witnesses," subdivision (g) of section 998 adds one caveat: the costs for services of expert witnesses *at trial* may not exceed those specified in Government Code section 68092.5. (§ 998, subd. (g).) Subdivision (a) of Government Code section 68092.5 restricts the allowance of expert fees to those experts who testify *solely* as to any expert opinion.[15] (*Ellenberger* v. *Karr* (1982) 127 Cal.App.3d 423, 428 [179 Cal.Rptr. 583]; *Bureau of Medical Economics* v. *Cossette* (1974) 44 Cal.App.3d Supp. 1, 3-5 [118 Cal.Rptr. 242].) Accordingly, where a witness testifies not only as an expert but also as a percipient witness, the witness is entitled to only ordinary witness fees. (Gov. Code, § 68092.5, subd. (a); *Bureau of Medical Economics* v. *Cossette, supra,* 44 Cal.App.3d Supp. at pp. 3-5; see also *City & County of S.F.* v. *Superior Court* (1951) 37 Cal.2d 227, 234 [231 P.2d 26, 25 A.L.R.2d 1418].) Such a witness' expert services are not allowable as costs. (Accord *Ellenberger* v. *Karr, supra,* 127 Cal.App.3d at p. 428; see *Huber, Hunt & Nichols, Inc.* v. *Moore* (1977) 67 Cal.App.3d 278, 315 [136 Cal.Rptr. 603].) Here in addition to being an expert, Whalen was a percipient witness. Therefore, defendants were not entitled to recover as costs expert fees for his services. (*Ellenberger* v. *Karr, supra,* 127 Cal.App.3d at p. 428.)

Defendants argue that if Whelan's charges are not recoverable as costs under the offer to compromise provisions, then they should be recoverable under the more general provisions of section 1032, subdivision (c), because Beechcraft was a prevailing party. But that provision, giving the trial court the discretion to award Beechcraft its costs, is subject to the limitations of Government Code section 68092.5, subdivision (a), which codifies the common law rule that fees for experts employed by one of the parties "shall not be allowable costs or disbursements." (See generally 4

---

[15]Government Code section 68092.5 provides in pertinent part: "(a) A person who is not a party to the action and who is required to testify before any court or tribunal, or in the taking of a deposition, in any civil action or proceeding, *solely* as to any expert opinion which he holds upon the basis of his special knowledge, skill, experience, training or education, and who is qualified as an expert witness shall receive reasonable compensation for his entire time required to travel to and from the place where the court or other tribunal, or in the taking of deposition, the place of taking such deposition, is located and while he is required to remain at such place pursuant to subpoena. The court may fix the compensation for such appearance, in addition to such witness fee otherwise allowed by law, at such amount as seems reasonable to the court, upon motion by any party to the action or by the person required to testify and such fees shall be paid by the party·requiring such witness to attend, *but such fees shall not be allowable as costs or disbursements.*" (Italics added.)

Witkin Cal. Procedure (2d ed. 1971) Judgment, § 106, p. 3260; for the common law rule see *Metropolitan Water Dist.* v. *Adams* (1944) 23 Cal.2d 770, 773 [147 P.2d 6]; *Rabinowitch* v. *Cal. Western Gas Co.* (1967) 257 Cal.App.2d 150, 161 [65 Cal.Rptr. 1].)

 Thus by any analysis, defendants were not entitled to recover the cost of Whelan's expenses for trial. They were limited to recovering only the statutory witness fee. (See Gov. Code, § 68093.) Any award above that was error.

(3)[16] *Denial of plaintiff's motion to amend her cost bill*

. . . . . . . . . . . . . . . . . . . . . . . . . .

## VI.

### *Conclusion*

Both the denial of costs to plaintiff and the award of costs to defendants are reversed and the matter is remanded for recalculation of costs in light of the views expressed herein. In all other respects, the judgment is affirmed. Each party to bear its own costs on appeal.

Anderson, P. J., and Sabraw, J., concurred.

[16]See footnote 1, *ante,* page 1057.