[Civ. No. 11231. Fourth Dist., Div. One. Aug. 21, 1972.]

PENASQUITOS, INC., Plaintiff and Respondent, v.
JIM HOLLADAY, Defendant and Appellant.

## COUNSEL

Provence & Provence and Charles B. Provence for Defendant and Appellant.

Hervey, Mitchell, Ashworth & Keeney, James Edgar Hervey and Bruce A. Ray for Plaintiff and Respondent.

## OPINION

**BROWN (Gerald), P. J.**—In July 1962, Jim Holladay and Robert Holladay, were tenants in common of some property in San Diego. They granted Irvin Kahn, later president and majority shareholder of plaintiff Penasquitos, Inc., a 99-year lease and option to buy the property. The minimum rent was $1,800 yearly per acre for the 5.86 net usable acres, plus 8 percent of the lessee's gross yearly revenue from improvements and activities over $131,850. Some expenses were excluded. The option was to buy the property at $60,000 per usable acre, and it could be exercised in increments of one acre or more at a time. Penasquitos acquired Kahn's interest by assignment.

In October 1968, Robert Holladay sold his 40 percent interest in the entire property to Penasquitos for $65,000. Jim Holladay offered to sell Penasquitos his interest at the option price. Instead, Penasquitos offered Jim the reasonable market value of his interest, subject, of course, to the 99-year lease and option owned by Penasquitos. Holladay declined. Penasquitos sued for partition by sale for the "common benefit of the parties" to preserve the property's commercial value.

In its oral decision June 14, 1971, the court ordered physical partition of the property. It also ordered Penasquitos to exercise its option to buy the property. But the Interlocutory Judgment of Partition and Declaratory Judgment entered September 1, 1971, omitted the order to exercise the option, ordered physical partition, and affirmed the validity of Penasquitos' lease and option agreement.

■ An action for partition is an equitable proceeding (*Elbert Ltd.* v. *Federated etc. Properties,* 120 Cal.App.2d 194, 200 [261 P.2d 743]). ■ Although partition is a matter of right when a cotenant desires it (*De Roulet* v. *Mitchel,* 70 Cal.App.2d 120 [160 P.2d 574]), it is subject to the requirement of fairness and the right may be waived by contract, either expressly or by implication. (See *Pine* v. *Tiedt,* 232 Cal.App.2d 733, 738 [43 Cal.Rptr. 184]; *Schwartz* v. *Shapiro,* 229 Cal.App.2d 238, 253 [40 Cal.Rptr. 189].)

■ The question here is whether by entering into the lease and option agreements with Kahn, the brothers Holladay waived their rights as cotenants to partition. Any waiver would have to be by implication as none is expressly written into the contract documents. While we give due deference to the trial court's construction of the agreements in this regard, we are not bound by it.

Taking the lease and option agreements as a whole it is apparent they were designed to provide some security for the Holladays in the form of encouraging development of the property and the exercise by Kahn of the purchase option. Thus, while Kahn was to pay rent of $1,800 per acre per year, the Holladays, as lessors, were to have the right to occupy any undeveloped portions of the property. Should Kahn develop and improve the property *or any portion* of it, he would either be subject to a percentage rental or be required to exercise his purchase option. The Holladays would share in the rental or purchase price according to their interests.

To allow Kahn, as lessee or optionee, to favor one cotenant over the other, a result which would obtain by partitioning the cotenancy, would disrupt the scheme of the contract which would pattern any development

of the property in a manner to benefit the owners according to their respective interests regardless of where development takes place. This disruption is brought into focus by the factor Penasquitos, controlled by Kahn as its majority shareholder, has purchased the 40 percent interest of Robert Holladay.

The lease and option agreements thus gave the Holladays rights which, by the nature of the contracts, were joint. Such contractual rights are not subject to partition as are joint rights arising by reason of a cotenancy. Where the effect of a cotenancy partition is to substantially impair contractually acquired joint rights, an agreement not to partition is implicit in the agreement. This is so because the contractual obligations are manifestly inconsistent with partition (*Carolina Mineral Co.* v. *Young,* 220 N.C. 287 [17 S.E.2d 119, 121, 151 A.L.R. 383]; see Annot. 37 A.L.R.3d 962). Penasquitos, as successor to Robert Holladay's interest, is subject to the implicit agreement not to partition.

What we have said pertains to partition in kind as ordered by the court below. We also find a partition by sale would not be a reasonable alternative. The effect of a partition by sale would be to substitute a market value for the remainder interest, depressed by the lease and option agreements, for the option price agreed upon by the parties to the agreements.

We conclude the only way to preserve the reasonable expectations of Jim Holladay under the contracts to which the property is subject is to deny partition. Those expectations being inconsistent with partition, the partition rights were waived.

█ Jim Holladay also contends the action of Penasquitos in purchasing Robert Holladay's interest outside the option agreement and for less than the option price constituted a waiver of the option agreement and terminated it. The trial court found against such a waiver.

Holladay cites us to no authority supporting the proposition an optionee necessarily forfeits his option by dealing separately with a co-optioner to negotiate a purchase of his interest. He fails to demonstrate error in this regard on this appeal.

Judgment reversed, and cause remanded for entry of judgment in conformity with the views expressed in this opinion.

Cologne, J., and Coughlin, J.,* concurred.

A petition for a rehearing was denied September 11, 1972, and the judgment was modified to read as printed above.

---

*Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.