[No. B018803. Second Dist., Div. One. Sept. 25, 1986.]

GROVER SPEARMAN, SR., Plaintiff and Appellant, v.
STATE FARM FIRE & CASUALTY COMPANY,
Defendant and Respondent.

**COUNSEL**

Clayton D. Calhoun, Jr., for Plaintiff and Appellant.

Spray, Gould & Bowers, Richard C. Turner and George M. Wallace for Defendant and Respondent.

**OPINION**

**HANSON (Thaxton), Acting P. J.—**

### INTRODUCTION

Plaintiff Grover Spearman, Sr., (Spearman, Sr.) appeals from a judgment of dismissal of his complaint in favor of defendant State Farm Fire & Casualty Company (State Farm) following a ruling by the Los Angeles County Superior Court (Hon. Warren Deering, judge presiding) sustaining defendant State Farm's demurrer to plaintiff Spearman, Sr.'s complaint without leave to amend.[1] We affirm.

---

[1] At the hearing on defendant State Farm's demurrer, counsel for plaintiff Spearman, Sr., indicated that he would stand on the pleading and did not desire leave to amend the complaint. Accordingly, no leave to amend was granted and an order of dismissal was entered pursuant to Code of Civil Procedure section 581, subdivision (c).

## The Complaint

Plaintiff Spearman, Sr.'s complaint sets forth two causes of action; the first based on the theory of negligence and the second for intentional infliction of emotional distress.

*First Cause of Action: Negligence*: The material allegations of the first cause of action are as follows:

State Farm issued a policy of automobile liability insurance to Grover Spearman, Jr., (Spearman, Jr.), providing that State Farm would defend and indemnify him against claims for damages arising out of his negligence, a policy which was in full force and effect on July 16, 1983; that on or about July 16, 1983, while Spearman, Jr., was operating a motor vehicle with his brother, Nash Spearman, as a passenger, he (Spearman, Jr.) negligently operated his vehicle causing an accident which resulted in the death of Nash Spearman.

It is further alleged that Nash Spearman was the son of Spearman, Sr., and Barbara Spearman; that Nash Spearman died unmarried and without children; that at the time of Nash Spearman's death, Spearman, Sr., and Barbara Spearman were living separate and apart; that Barbara Spearman, for herself alone, made a claim against the State Farm liability policy; that in the course of adjusting Barbara Spearman's claim, State Farm asked her about Spearman, Sr.; that Barbara Spearman stated that Spearman, Sr., was deceased; and that in reliance on Barbara Spearman's representation that Nash Spearman's father was deceased, State Farm paid to Barbara Spearman the sum of $50,000 on or about February 7, 1984, which payment exhausted the limits of liability coverage available to Spearman, Jr., under the State Farm policy.

The complaint further alleges that sometime later, Spearman, Sr., became aware of the existence of the State Farm liability policy and first made his claim under that policy on or about August 28, 1984; and that in response, representatives of State Farm's claims division advised Spearman, Sr., that the payment of $50,000 to Barbara Spearman had exhausted the policy limits and that no further payment would be forthcoming.

In the first cause of action, Spearman, Sr., further alleged that the liability claim of Barbara Spearman imposed upon State Farm a duty to Spearman, Sr., "to thoroughly, completely and properly investigate said claim to determine the amount payable and to whom payments were to be made"; that State Farm breached that duty by failing to conduct further inquiry to seek out and determine his existence, and further breached its duty by paying

the full policy limit to Barbara Spearman; and that as a result, Spearman, Sr., was "deprived of his one-half interest in the insurance proceeds ($25,000) and all incidental damages caused thereby."

*The Second Cause of Action: Intentional Infliction of Emotional Distress*: In his second cause of action, plaintiff Spearman, Sr., incorporates by reference all of the allegations contained in his first cause of action alleging that State Farm's refusal to make any payment to him after he himself made a claim was intentional, malicious, reckless and with the express purpose of causing mental and emotional distress, and did cause Spearman, Sr., severe emotional distress.

Plaintiff Spearman, Sr., prayed for $25,000 (one-half of the policy limit) and general damages in the sum of $250,000 for mental and emotional distress and punitive damages in an amount to punish or make an example of defendant State Farm.

CONTENTIONS

Plaintiff's opening brief contains the following:

"GROVER SPEARMAN'S REQUEST OF THIS COURT:"

"Plaintiff, Grover Spearman, Sr., is requesting of this Court to expand the duty of an automobile liability insurance carrier to conduct a 'reasonable investigation' of the wrongful death claim submitted by *one* heir to ascertain if there are other heirs who have a financial interest in the liability proceeds payable under the policy."

DISCUSSION

I.

Since this appeal follows the sustaining of a demurrer, we treat the demurrer as admitting, and therefore accept as true, all material facts properly pleaded in the complaint, but not contentions, deductions or conclusions of fact or law. (See *Thompson* v. *County of Alameda* (1980) 27 Cal.3d 741, 746 [167 Cal.Rptr. 70, 614 P.2d 728, 12 A.L.R.4th 701]; *Gruenberg* v. *Aetna Ins. Co.* (1973) 9 Cal.3d 566, 572 [108 Cal.Rptr. 480, 510 P.2d 1032]; *Serrano* v. *Priest* (1971) 5 Cal.3d 584, 591 [96 Cal.Rptr. 601, 487 P.2d 1241, 41 A.L.R.3d 1187]; *Daar* v. *Yellow Cab Co.* (1967) 67 Cal.2d 695, 713 [63 Cal.Rptr. 724, 433 P.2d 732]; *Schlauch* v. *Hartford Accident & Indemnity Co.* (1983) 146 Cal.App.3d 926, 929 [194 Cal.Rptr. 658].)

Plaintiff Spearman, Sr., by his first cause of action, asserts that State Farm was negligent in failing to conduct an investigation sufficient to discover his existence as an "heir" of his deceased son, Nash Spearman, or conduct an independent inquiry to confirm Barbara Spearman's statement that he (Spearman, Sr.) was deceased.

■ "The indispensable precondition to liability founded upon negligence is the existence of a duty of care owed by the alleged wrongdoer *to the plaintiff, or to a class of which plaintiff is a member.* [Citation.]" (Italics added.) (*Kane* v. *Hartford Accident & Indemnity Co.* (1979) 98 Cal.App.3d 350, 354 [159 Cal.Rptr. 446].)

The determinative issue in this case is whether or not State Farm owed such a duty to Spearman, Sr.

■ The duty of an automobile liability insurance carrier to investigate claims exists solely in favor of the insured—here, Spearman, Jr. The duty to settle and the concurrent duty to investigate exist to protect the insured—Spearman, Jr. They are not for the benefit of claimants such as Spearman, Sr. A stranger to the insurance contract, such as Spearman, Sr., has no standing to enforce such duties existing between the carrier and the insured or to seek damages for their breach.

"A third party should not be permitted to enforce covenants made not for his benefit, but rather for others. He is not a contracting party; his right to performance is predicated on the contracting parties' intent to benefit him. [Citations.] As to any provision made not for his benefit but for the benefit of the contracting parties or for other third parties, he becomes an intermeddler. Permitting a third party to enforce a covenant made solely to benefit others would lead to the anomaly of granting him a bonus after his receiving all intended benefit. Because, as we have seen, the duty to settle is intended to benefit the insured and not the injured claimant, third party beneficiary doctrine does not furnish a basis for the latter to recover." (*Murphy* v. *Allstate Ins. Co.* (1976) 17 Cal.3d 937, 944 [132 Cal.Rptr. 424, 553 P.2d 584]; accord: *Schlauch* v. *Hartford Accident & Indemnity Co.*, *supra*, 146 Cal.App.3d 926, 931.)

Plaintiff Spearman, Sr., relies on *Barrera* v. *State Farm Mut.* (1969) 71 Cal.2d 659 [79 Cal.Rptr. 106, 456 P.2d 674] to support his first cause of action, i.e., that State Farm had a duty to investigate the existence of all possible heirs of the deceased, Nash Spearman. His reliance is misplaced.

*Barrera* is readily distinguishable from the case at bench.[2] "The only apparent applicability of *Barrera* was its holding that the insurer there owed a duty to third persons to investigate the *applicants*." (Italics added.) (*Kane v. Hartford Accident & Indemnity Co., supra*, 98 Cal.App.3d 350, 358.) *Barrera* "serves only to prevent the insurer from seizing upon its insured's lack of qualification as a basis for denying *coverage*. It is not the issuance of a policy which brings the *Barrera* rule into action, but rather an insurer's attempt—by denying coverage—to avoid the consequences of its actions." (Italics original.) (*Fireman's Fund Ins. Co.* v. *Superior Court* (1977) 75 Cal.App.3d 627, 637 [142 Cal.Rptr. 249].)

In the case at bench, defendant State Farm has not challenged the application of Spearman, Jr., for insurance *coverage* nor sought to avoid the coverage afforded, as in *Barrera*. To the contrary, State Farm recognized the existence of coverage and promptly settled the only claim made within the one-year statute of limitation period for the full amount of the policy limit ($50,000) to Barbara Spearman, mother of the deceased, Nash Spearman. Thus State Farm fulfilled its obligation under the insurance policy to its insured, Spearman, Jr. We hold that State Farm owed no duty under the insurance policy to persons other than its insured (Spearman, Jr.) to conduct any further investigation or to seek out other potential "heir" claimants.

Defendant Spearman, Sr., points to no binding statutory or decisional authority, nor are we aware of any, which imposes upon State Farm a duty other than that owed its insured (Spearman, Jr.), to conduct a further investigation directed at seeking out and discovering the existence of all potential "heirs" of the deceased, Nash Spearman.

Absent such authority, defendant Spearman, Sr., requests, as a matter of public policy, that this court by judicial decree "expand" the duty of an automobile liability insurance carrier to conduct such an investigation for the benefit of one in defendant Spearman, Sr.'s position. This we refuse to do. Such a holding by this court would result in an improper rewriting of the contract of insurance entered into between Spearman, Jr., and State

---

[2] "Barrera sued an insurer to recover an unsatisfied judgment against the policyholder. The insurer claimed that the policy was invalid because the insured had misrepresented his driving record on his application for coverage. The California Supreme Court held that the contract could not be rescinded despite the misrepresentations because the 'quasi-public' nature of the insurance industry and the public policy underlying the Financial Responsibility Law (Veh. Code, § 16000 et seq.) imposed upon an automobile liability insurer a duty, running to both the insured and the public, to conduct a reasonable investigation of an applicant's insurability within a reasonable time after issuance of the policy. [Page references omitted.] Because it had not conducted such an investigation, the insurer was held estopped to deny coverage of the policy once suit had been brought." (*Kane* v. *Hartford Accident & Indemnity Co., supra*, 98 Cal.App.3d 350, 358.)

Farm, be antithetical to the "public policy" underpinning a substantial body of statutory and decisional law in the fields of contracts and torts, and impose an unconscionable burden upon all automobile liability insurance carriers.

Moreover, it is the province of the legislative branch of state government—not the courts—to make any such public policy changes which would affect one of California's major industries and liability insurance policyholders. Certainly, the Legislature is better equipped than the courts to evaluate down-the-road cost/benefit factors which should be considered before such a duty is imposed on liability insurance carriers as a matter of "public policy," as urged by Spearman, Sr. The courts are neither designed nor operated to conduct necessary public hearings where various interested entities may present their diverse views on several important issues. For example, a small part of the public might benefit if the law imposed this duty of investigation. But the duty might also delay prompt settlement of meritorious claims timely presented, and drive up the price of liability insurance premiums for everyone. Unquestionably, the state Legislature, through public hearings, is better qualified than the courts to assess whether the benefits outweigh the costs.

In sum, since neither statutory nor common law duty exists and plaintiff Spearman, Sr., is not a party to the insurance contract entered into between Spearman, Jr., and State Farm (but rather is in claimant status), we hold that the asserted duty to investigate, directed at determining the existence of potential "heirs" in wrongful death claims, is not legally cognizable.[3]

---

[3]In the case at bench, there is no indication that State Farm's settlement of the policy limits ($50,000) with Barbara Spearman was made for any purpose other than to settle her wrongful death claim. There is no allegation whatsoever in the complaint that State Farm had any knowledge of Spearman, Sr.'s existence until after the policy limits were paid to Barbara Spearman and after the running of the one-year statute of limitations, and more than one year after the accident when he finally made his claim. It is alleged that when the State Farm representative asked about Spearman, Sr., the father of deceased Nash Spearman, Barbara Spearman, the mother, said that Spearman, Sr., was deceased.

The settlement of Barbara Spearman's wrongful death action exhausted the monetary coverage of the policy and there was nothing left to offer Spearman, Sr., even if his claim was timely filed. (See by way of analogy, *Aetna Casualty & Surety Co.* v. *Superior Court* (1980) 114 Cal.App.3d 49 [170 Cal.Rptr. 527].)

The facts pleaded in the complaint further establish that nothing State Farm did operated to impair any rights that existed in favor of Spearman, Sr., at the time State Farm paid its policy limits to Barbara Spearman. Specifically, State Farm's action did not deprive Spearman, Sr., of a cause of action against Spearman, Jr., for wrongful death. However, we note that Spearman, Sr., slumbered on his right and made no claim against State Farm's policy until August 1984—more than one year after the accident, which occurred on July 16, 1983. Thus, Spearman, Sr.'s cause of action for wrongful death against his son, Spearman, Jr. was barred by the one-year statute of limitations. (Code Civ. Proc., § 340, subd. (3).)

Nor was Spearman, Sr., left without the ability as an "heir" of Nash Spearman to seek recovery of "his claimed share" ($25,000) of the State Farm policy proceeds by way of an action against Barbara Spearman. (*Valdez* v. *Smith* (1985) 166 Cal.App.3d 723, 727 [212 Cal.Rptr. 638]; *Watkins* v. *Nutting* (1941) 17 Cal.2d 490, 499 [110 P.2d 384].) The complaint

We defer the imposition of such a duty to the state Legislature if it deems it advisable in the public interest.

## II.

■ Having concluded that State Farm had no cognizable duty to investigate or determine the "heirs" of the deceased Nash Spearman, the demurrer to the second cause of action for intentional infliction of emotional distress, which incorporated by reference the first cause of action, was also properly sustained.[4]

Moreover, the alleged conduct of State Farm in denying Spearman, Sr.'s claim, as a matter of law, does not rise to the level of "outrageous" conduct upon which a claim for intentional infliction of emotional distress must be predicated. (See *Bogard* v. *Employers Casualty Co.* (1985) 164 Cal.App.3d 602 [210 Cal.Rptr. 578]; *Schlauch* v. *Hartford Accident & Indemnity Co.*, *supra*, 146 Cal.App.3d 926; *Ricard* v. *Pacific Indemnity Co.* (1982) 132 Cal.App.3d 886 [183 Cal.Rptr. 502].)

### DISPOSITION

The judgment (order of dismissal) is affirmed. State Farm is to recover its costs on appeal. (Cal. Rules of Court, rule 26.)

Lucas, J., and Devich, J., concurred.

---

does not allege any act or omission by State Farm that impaired Spearman, Sr.'s cause of action against Barbara Spearman. Neither State Farm nor its insured Spearman, Jr., has any concern with the division between the heirs of the settlement proceeds. (*Canavin* v. *Pacific Southwest Airlines* (1983) 148 Cal.App.3d 512, 536-537 [196 Cal.Rptr. 82]; *Changaris* v. *Marvel* (1964) 231 Cal.App.2d 308, 312-313 [41 Cal.Rptr. 774]; *Robinson* v. *Western States Gas, etc. Company* (1920) 184 Cal. 401, 410-411 [194 P. 39].)

[4]Assuming *arguendo* that such a duty as claimed here existed under the first cause of action, absent any discussion of the second cause of action in Spearman, Sr.'s brief, his appeal from the trial court's order sustaining State Farm's demurrer to the second cause of action is deemed to have been abandoned. (See *Donahue* v. *United Artists Corp.* (1969) 2 Cal.App.3d 794, 800, fn. 1 [83 Cal.Rptr. 131].)