[No. B082153. Second Dist., Div. Five. Dec. 20, 1995.]

JERRI LYNN SMITH et al., Plaintiffs and Appellants, v.
PREMIER ALLIANCE INSURANCE COMPANY, Defendant and
Respondent;
HUEY P. SHEPARD, Objector and Appellant.

**[Opinion certified for partial publication.\*]**

---

\*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part II of the Discussion.

692

COUNSEL

Huey P. Shepard, in pro per., for Objector and Appellant and for Plaintiffs and Appellants.

Graves & King and Joyce R. Lanza for Defendant and Respondent.

OPINION

GRIGNON, J.—Plaintiffs and appellants Jerri Lynn Smith and Adrian Paul Faskas appeal from a summary judgment entered in favor of defendant and respondent Premier Alliance Insurance Company (Premier). In the published portion of this opinion, we conclude a defendant in a wrongful death action owes no duty to nonsettling heirs not to settle with only one of the heirs. In the unpublished portion of this opinion, we address the appeal of plaintiffs and their attorney, Huey P. Shepard, from an award of sanctions against them for bringing and prosecuting a frivolous lawsuit, and Premier's request for sanctions for the prosecution of a frivolous appeal. We affirm, but deny the request for sanctions on appeal.

FACTS AND PROCEDURAL BACKGROUND[1]

Paul Faskas died as a result of injuries he sustained in a plane crash on July 1, 1985. He was survived by his wife, Sharon Faskas (Wife); and plaintiffs, his two children from a previous marriage (Children). On June 19, 1986, Wife brought a wrongful death action against John Dubos, the pilot of the plane, Beech Aircraft Corporation, the manufacturer of the plane; and others. Wife did not name Children as plaintiffs in that action, but rather named them as defendants pursuant to Code of Civil Procedure section 382.[2]

Sometime in 1988, Premier, the insurance carrier for Dubos,[3] offered to settle the wrongful death action against Dubos for the $100,000 policy limits. Discussions took place with Attorney Robert Coleman, who represented Wife. Premier took the position that any settlement must encompass Children's claims as well as Wife's claim. This was agreeable to Wife. Premier drafted releases with signature blocks for Children and a request for

---

[1]We take judicial notice of the superior court file.

[2]Code of Civil Procedure section 382 provides in pertinent part: "If the consent of any one who should have been joined as plaintiff cannot be obtained, he may be made a defendant, the reason thereof being stated in the complaint."

[3]The original insurance carrier was National Excess Insurance Company. Premier is its successor in interest.

dismissal with prejudice of the action against Dubos, which were given to Attorney Coleman together with the $100,000 settlement check. The releases were never signed by Children; the $100,000 check was deposited in Attorney Coleman's trust account.

On September 13, 1988, Wife filed a request for dismissal of the action against Dubos. Beech Aircraft Corporation then removed the action to federal court, where it was consolidated with other actions arising from the crash, under the title *Dubos* v. *Beech Aircraft Corp.* (C.D.Cal. 1988) No. CV-88-5525-RB).[4]

At some point, Children became aware of the wrongful death action and the settlement. Represented by Attorney Shepard, they sought a share of the settlement from Attorney Coleman. Negotiations were unsuccessful. Children therefore brought a motion in the consolidated federal court action to redesignate themselves as plaintiffs and to apportion the settlement. The motion was heard on July 17, 1989. The federal court granted the request to redesignate Children as plaintiffs, but denied the motion to apportion the settlement. After denial of the apportionment motion, Attorney Coleman released the $100,000 settlement from his trust account, presumably forwarding it, less his fees, to Wife.

On November 8, 1989, Children filed the present action against Wife,[5] Attorney Coleman, his partner and their law firm, and Premier.[6] The complaint pleaded a cause of action against all defendants, except Premier, for constructive trust and declaratory relief, seeking Children's intestacy share of the $100,000 settlement. The remaining cause of action, against all defendants, was for "tortious interference with succession rights." It sought damages caused by defendants' failure to inform Children of the insurance policy and settlement, and defendants' failure to pay Children their share of the settlement.

The federal action proceeded. On November 20, 1989, a pretrial conference order was signed by counsel for all parties. That order confirmed that Dubos was no longer a defendant in the action. The consolidated action proceeded to trial and resulted in a defense verdict. The jury concluded that the plane crash was 100 percent attributable to the negligence of Dubos.

In the instant action, Attorney Coleman, his partner and their law firm successfully moved for summary judgment. On August 24, 1990, Premier

---

[4]Apparently, the action was removed on diversity grounds; had Dubos remained as a defendant, diversity would have been defeated.

[5]Wife was never served.

[6]Premier was originally named as John Doe Insurance Company.

filed a motion to strike plaintiffs' allegations pertaining to punitive damages and a demurrer. The motion to strike was granted and the demurrer was sustained with leave to amend. On November 16, 1990, Children filed a first amended complaint against Wife, Attorney Coleman, his partner and their law firm, Premier and Attorney Joyce Lanza, counsel for Premier.[7] The complaint stated two causes of action, declaratory relief and conspiracy to defraud Children of their inheritance rights.

On August 6, 1993, Premier moved for summary judgment. At the hearing on September 2, 1993, the trial court was concerned with whether Premier owed Children any duty. Attorney Shepard was repeatedly asked about the duty that was the basis for Children's cause of action. He stated, "[Premier] conspired with these other parties to deprive [Children] of their rights under the wrongful death statute; and that they paid money out that should have been shared with my clients without protecting my clients' interests; and that [Attorney] Coleman and [Wife] were parties to the conspiracy." He again explained that the right Children were deprived of was the "right to participate in the wrongful death settlement pursuant to the statutes, which gives one cause of action for all heirs." The trial court granted the summary judgment motion on the ground it was not persuaded "of any triable issues as to the deprivation of rights regarding the [Children]." Children filed a timely notice of appeal.

## DISCUSSION

### I.  *Propriety of Summary Judgment*

Children contend summary judgment was improperly granted. We conclude, as did the trial court, that Premier did not owe any duty to Children.

### A.  *Action for Wrongful Death*

California law provides that either the heirs of a decedent, or the personal representative on behalf of the heirs, may bring a single joint indivisible action for wrongful death. (Code Civ. Proc., § 377.60.)  "In stating that an action for wrongful death is joint, it is meant that all heirs should join or be joined in the action and that a single verdict should be rendered for all recoverable damages; when it is said that the action is single, it is meant that

---

[7]As noted above, Attorney Coleman, his partner and their law firm had already been awarded summary judgment and Wife had never been served. A dismissal was subsequently filed with respect to Attorney Lanza. As a result, Premier was the only defendant actively pursued by Children.

only one action for wrongful death may be brought whether, in fact, it is instituted by all or only one of the heirs, or by the personal representative of the decedent as statutory trustee for the heirs; and when it is said that the action is indivisible, it is meant that there cannot be a series of suits by heirs against the tortfeasor for their individual damages." (*Cross* v. *Pacific Gas & Elec. Co.* (1964) 60 Cal.2d 690, 694 [36 Cal.Rptr. 321, 388 P.2d 353]; *Johnson* v. *Pratt & Whitney Canada, Inc.* (1994) 28 Cal.App.4th 613, 630 [34 Cal.Rptr.2d 26]; *Gilman* v. *Beverly California Corp.* (1991) 231 Cal.App.3d 121, 125 [283 Cal.Rptr. 17].)[8]

Because there is only a single action for wrongful death, an heir bringing the action should join all known heirs. If an heir refuses to join as a plaintiff, he or she may be named as a defendant, so all heirs are before the court in the same action. (*Salmon* v. *Rathjens* (1907) 152 Cal. 290, 294-295 [92 P. 733].) However, an heir named as a defendant in a wrongful death action is, in reality, a plaintiff. (*Watkins* v. *Nutting* (1941) 17 Cal.2d 490, 498-499 [110 P.2d 384] [holding an heir named as a defendant could not be defaulted].)

An heir wholly omitted from a wrongful death action generally cannot bring a subsequent action for wrongful death. The defendant cannot be subjected to a second recovery by another heir "of whose existence [the defendant] had no knowledge at the time of [the initial wrongful death] action." (*Salmon* v. *Rathjens, supra,* 152 Cal. at p. 296.) Instead, the wrongfully omitted heir may bring an action against the heir who brought the wrongful death action, in order to recover damages for the omission. (6 Witkin, Summary of Cal. Law (9th ed. 1988) Torts, § 1216, p. 651.) However, if the defendant had *knowledge* of the omitted heir, but did not attempt to abate the action or join the heir, the defendant waives the right to a single wrongful death action and may be subjected to a second wrongful death action by the omitted heir, even after settlement of the original action. (*Valdez* v. *Smith* (1985) 166 Cal.App.3d 723, 731 [212 Cal.Rptr. 638]; see also *Hogan* v. *Hermann* (1980) 101 Idaho 893 [623 P.2d 900, 21 A.L.R.4th 249, 256].)

---

[8]The decisional authority cited in the body of this opinion construed Code of Civil Procedure former section 377, which was repealed effective January 1, 1993, and reenacted as Code of Civil Procedure section 377.60 et seq. (Stats. 1992, ch. 178, § 20.) Legislative intent materials indicate that the Legislature did not intend to abrogate the rule that a single judgment on behalf of all heirs must be imposed. (See Legis. Counsel's Dig., Sen. Bill No. 1496, Stats. 1992, ch. 178; Assem. Com. on Judiciary Rep. on Sen. Bill No. 1496 (1991-1992 Reg. Sess.) June 10, 1992; Sen. Com. on Judiciary Rep. on Sen. Bill No. 1496 (1991-1992 Reg. Sess.) Apr. 21, 1992; Recommendation Relating to Litigation Involving Decedents (Sept. 1990) 20 Cal. Law Revision Com. Rep. (1990) pp. 2785-2835.)

B. *Effect of Settlement*

■ A wrongful death defendant can settle the case, with either all of the heirs or less than all of them. When the claims of all heirs are encompassed in a lump-sum settlement, the court has authority to apportion the settlement. (*Canavin* v. *Pacific Southwest Airlines* (1983) 148 Cal.App.3d 512, 534, fn. 10 [196 Cal.Rptr. 82]; *Estate of Kuebler* v. *Superior Court* (1978) 81 Cal.App.3d 500, 504 [146 Cal.Rptr. 481].) The right to share in a wrongful death settlement is not based on an heir's statutory share under intestacy, but is based on the proportion that the heir's personal damage bears to the damage suffered by the others. (*Johnson* v. *Pratt & Whitney Canada, Inc.*, *supra*, 28 Cal.App.4th at p. 630; *Changaris* v. *Marvel* (1964) 231 Cal.App.2d 308, 313 [41 Cal.Rptr. 774]; *Hernandez* v. *Fujioka* (1974) 40 Cal.App.3d 294, 301 [114 Cal.Rptr. 844].) The apportionment of a wrongful death settlement is of no interest to the settling defendant; it is a matter among the heirs alone. (*Spearman* v. *State Farm Fire & Casualty Co.* (1986) 185 Cal.App.3d 1105, 1113, fn. 3 [230 Cal.Rptr. 264]; *Canavin* v. *Pacific Southwest Airlines*, *supra*, 148 Cal.App.3d at pp. 536-537.)

In the alternative, a wrongful death defendant may settle with less than all of the known heirs. Just as a judgment on behalf of some heirs will not preclude a future action by a known but omitted heir, a wrongful death settlement will not terminate the action if the settlement includes less than all of the named heirs. By settling with less than all of the known heirs, the defendant waives the right to face only a single wrongful death action and the nonsettling heirs may continue to pursue the action against the defendant. This remains true even if the nonsettling heirs are nominally defendants in the case. (*Stiles* v. *Estate of Ryan* (1985) 173 Cal.App.3d 1057, 1063-1064 [219 Cal.Rptr. 647]; *Estate of Kuebler* v. *Superior Court*, *supra*, 81 Cal.App.3d at pp. 504-505.) In *Estate of Kuebler*, both father and mother brought separate wrongful death actions arising out of the death of their children, each parent naming the other as a defendant heir in the action. Father brought his action under Probate Code former section 721, and recovery was therefore limited to the available insurance, while mother's action was not so limited. Father and mother agreed to consolidate their actions, but before the consolidation, mother settled her action and dismissed it with prejudice. The appellate court held that father was entitled to pursue *both* wrongful death actions. The court held "that [father] has standing to maintain the wrongful death action brought by [mother], he being in reality a plaintiff rather than a defendant in that action. [Mother]'s complaint states a cause of action for [father] as well as for [mother.]" (*Estate of Kuebler* v. *Superior Court*, *supra*, 81 Cal.App.3d at p. 504.) Thus, the settlement of

mother's action did not terminate it as far as father, the defendant-heir, was concerned.

## C. *No Duty Owed Children*

The basis of Children's claim is that they had a right to share in the settlement between Dubos and Wife. However, they do not have such a right as a matter of law and would be entitled to share in the settlement proceeds only if they were included in the settlement agreement. Children argue it is undisputed that they were originally intended to be included. Premier apparently told Attorney Coleman that its payment of the policy limits on Dubos's behalf was meant to include the claims of Children and submitted draft releases with signature blocks for Children. However, it is also undisputed that Children never signed these releases. Children simply did not settle with Premier's insured. As a result, the settlement agreement encompassed the claim of Wife only, and Children were entitled to continue to pursue their action against Dubos, Premier's insured.[9]

Children argue that because Premier knew of their existence, it had a duty to bring them into the litigation. This argument is twice flawed. First, the duty is on omitted heirs to join the action, not on defendants, or their insurers, to locate and join them. (*Spearman* v. *State Farm Fire & Casualty Co., supra*, 185 Cal.App.3d at pp. 1111-1112, fn. 3; *Mayerhoff* v. *Kaiser Foundation Health Plan, Inc.* (1977) 71 Cal.App.3d 803, 807 [138 Cal.Rptr. 319].) In *Spearman*, a mother had successfully settled a wrongful death claim for the death of her son for the policy limits, by misrepresenting that the decedent's father was dead. The father subsequently brought an action against the insurer for negligence and intentional infliction of emotional distress, claiming the insurer had a duty to fully investigate the claim and not to pay the policy limits to the mother. The dismissal was affirmed on appeal. "We hold that [the insurer] owed no duty under the insurance policy to persons other than its insured . . . to conduct any further investigation or to seek out other potential 'heir' claimants." (*Spearman* v. *State Farm Fire & Casualty Co., supra*, 185 Cal.App.3d at p. 1111.)

The second flaw in Children's argument, however, is the assumption that they were not in the litigation. Children were nominal defendants in the wrongful death action. Because they were therefore known to Premier and

---

[9]Had Children pursued this course of action, Dubos would have been in a position to either revoke the purported settlement agreement with Wife, because Premier had agreed to settle on his behalf only if the settlement included Children's claims, or to obtain releases from Children. Additionally, because one of Children was a minor, court approval of the settlement would have been necessary. (Code Civ. Proc., § 372.)

Dubos at the time of settlement, the single-action rule would not have been a bar to the continued prosecution of their wrongful death action against Dubos.

Because Premier deprived Children of no rights by settling with Wife alone, that settlement cannot give rise to any cause of action by Children against Premier. Summary judgment was appropriately granted.

II.  *Sanctions**

. . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The judgment and sanctions order are affirmed. Premier's request for sanctions on appeal is denied. Premier is to recover its costs on appeal.

Turner, P. J., and Armstrong, J., concurred.

---

*See footnote, *ante*, page 691.