[No. B184483. Second Dist., Div. Five. May 15, 2006.]

KWANG HOON KIM et al., Plaintiffs and Appellants, v.
SONG YI et al., Defendants and Respondents.

**COUNSEL**

Lee & Associates, Barry G. Florence; Law Offices of Howard A. Kapp and Howard A. Kapp for Plaintiffs and Appellants.

Smyth Law Office and Andrew E. Smyth for Defendants and Respondents.

**OPINION**

**ARMSTRONG, J.**—This case arises from a wrongful death action, which involved several decedents, and raises a single question about apportionment of the proceeds of the settlement of such an action: whether the heirs of those decedents (plaintiffs in the wrongful death action) are entitled to have a jury apportion the settlement proceeds, or whether the matter may be decided by the court, sitting without a jury. We agree with the trial court that there is no right to a jury in such cases.

The facts may be briefly stated: In February of 2003, a car driven by Elliot Park collided with a car driven by Soowan Lee. Lee was killed, as were Park's passenger, Andy Kim, and Lee's passenger, Richard Yi. Park was at fault in the accident. He was later convicted of vehicular manslaughter.

Andy Kim's parents, Kwang Hoon Kim and Yong Ae Kim (the Kim parties); Soowan Lee's mother, Kum Soon Park; and Richard Yi's wife and children, Song Yi, Karen Yi, and Jason Yi (the Yi parties) jointly sued Elliot Park and the restaurant where he had been drinking that evening. Those claims were resolved with a payment of $1 million from the restaurant and $30,000 from Elliot Park's mother, who owned the car he was driving.

The Kim parties then filed an amended complaint under the case number of the wrongful death case. It was titled "complaint for distribution of wrongful

death recovery," and sought a judicial determination of the distribution of the settlement proceeds. Kum Soon Park and the Yi parties were named as defendants, and the original defendants, the restaurant and Elliot Park's mother, were omitted. In their answers, Kum Soon Park and the Yi parties raised Andy Kim's comparative negligence (that he willingly chose to be the passenger of an intoxicated driver) as a defense.

A trial date was set. Prior to trial, the Yi parties moved in limine to have the matter heard by the court without a jury, contending that there was no right to a jury trial. The Kim parties opposed the motion, as did Kum Soon Park. The trial court granted the Yi parties' motion, held a court trial, and awarded $721,296 to the Yi parties, $45,023 to Kum Soon Park, and $263,680 to the Kim parties.[1] In its statement of decision, the trial court explained each award with reference to the evidence concerning the relationship, economic and otherwise, between each decedent and his heirs. (See *Krouse v. Graham* (1977) 19 Cal.3d 59, 72 [137 Cal.Rptr. 863, 562 P.2d 1022]; *Allen v. Toledo* (1980) 109 Cal.App.3d 415, 423 [167 Cal.Rptr. 270].) The trial court then reduced the Kim parties' award by 20 percent, based on Andy Kim's comparative negligence.

Kum Soon Park and the Kim parties have appealed, contending that they were entitled to a jury trial. We hold that there is no right to a jury in these circumstances.

■ The right to sue for wrongful death damages is a creature of statute, and exists only so far and in favor of such persons as the Legislature has provided. (*Justus v. Atchison* (1977) 19 Cal.3d 564, 575 [139 Cal.Rptr. 97, 565 P.2d 122], disapproved on another ground in *Ochoa v. Superior Court* (1985) 39 Cal.3d 159, 171 [216 Cal.Rptr. 661, 703 P.2d 1].) The legislative provisions are found in Code of Civil Procedure[2] section 377.60 et seq. In section 377.61, the Legislature has provided that in wrongful death actions, "damages may be awarded that, under all the circumstances of the case, may be just . . . . *The court shall determine the respective rights in an award of the persons entitled to assert the cause of action.*" (Italics added.)[3]

---

[1] Appellants Kum Soon Park and the Kim parties have appended the judgment and statement of decision to their opening brief. We deem this a request to augment the record with those documents, and grant the request.

[2] All further statutory references are to that code.

[3] Until 1993, this rule was found in section 377 (*Smith v. Premier Alliance Ins. Co.* (1995) 41 Cal.App.4th 691, 697, fn. 8 [48 Cal.Rptr.2d 461]), which provided that " 'When the death of a person is caused by the wrongful act or neglect of another, his or her heirs or personal representatives on their behalf may maintain an action for damages against the person causing the death . . . . In every action under this section, such damages may be given as under all the circumstances of the case, may be just . . . . The respective rights of the heirs in any award shall be determined by the court.' " (*Canavin v. Pacific Southwest Airlines* (1983) 148

Thus, in *Smith v. Premier Alliance Ins. Co., supra,* 41 Cal.App.4th 691 we said that "[a] wrongful death defendant can settle the case, with either all of the heirs or less than all of them. When the claims . . . are encompassed in a lump-sum settlement, *the court has authority to apportion the settlement." (Id.* at p. 698, italics added.) *Estate of Kuebler v. Superior Court* (1978) 81 Cal.App.3d 500, 504 [146 Cal.Rptr. 481], and *Watkins v. Nutting* (1941) 17 Cal.2d 490, 498 [110 P.2d 384], are to the same effect. (See also 7 Witkin, Cal. Procedure (4th ed. 1985) Trial, § 357.)

Of course, neither *Smith, Estate of Kuebler* nor *Watkins* was presented with the issue before us here. Instead, each case considered issues arising from the rule that there can be but one joint indivisible action for wrongful death. (*Smith v. Premier Alliance Ins. Co., supra,* 41 Cal.App.4th at p. 696.) The quoted statements are, as appellants assert, dicta.

*Canavin v. Pacific Southwest Airlines, supra,* 148 Cal.App.3d 512, the case the trial court relied on, is more on point. In that case, the wrongful death plaintiffs were the decedent's wife and children. The action was tried to a jury, which returned an unapportioned judgment against the tortfeasor. On appeal, the plaintiffs unsuccessfully contended that the court denied them their right to a jury trial when it failed to have the jury decide the amount of compensation each heir was due.

*Canavin* found that the judicial apportionment provision (then in section 377) did not improperly infringe on the heirs' right to jury trial.[4] The court wrote that "[t]he 1949 statutory amendment to provide for judicial apportionment appears based upon legislative acknowledgment of the respective heirs' competing interests in the lump-sum award. The amendment reflects a belief it was more desirable not to add to the jury's burden the task of apportioning the damages (see [Killion,] *Wrongful Death Actions [In California, Some Needed Amendments* (1937) 25 Cal. L.Rev. 170], at p. 184), and the practical consideration the trial judge had already heard the evidence of the pecuniary loss as to each heir and thus was the most desirable party to apportion the damages. (*Ibid.;* see also, *Changaris v. Marvel* [(1964)] 231 Cal.App.2d 308, 313 [41 Cal.Rptr. 774].)" (*Canavin v. Pacific Southwest Airlines, supra,* 148 Cal.App.3d at p. 533.) The court concluded that the "legislative delegation of

---

Cal.App.3d 512, 529 [196 Cal.Rptr. 82].) Even before section 377 was amended to provide for judicial apportionment, in 1949, "the established procedure" was that after the jury decided the amount due from the defendants, the court would apportion the amount to be recovered by each heir. (*Canavin,* at p. 530.)

[4] *Canavin* also found that "we find no reason why, when all properly represented plaintiffs request, the trial court in a wrongful death action should not instruct the jury to return special findings regarding damages as to each heir where the evidence presented permits such findings." (*Canavin v. Pacific Southwest Airlines, supra,* 148 Cal.App.3d at p. 536; 6 Witkin, Summary of Cal. Law (10th ed. 2005) Torts, § 1380.)

apportionment to the court is constitutional, promoting the nature of the remedy as envisioned by its creators without substantively depriving any heir of the right to a jury trial." (*Ibid.*)

*Canavin* supported its conclusion with an analysis of the effect of judicial apportionment on the heirs of a single decedent. The court noted the legislative intent that a wrongful death action would be a means for providing for the decedent's family, and reasoned that apportionment by the court did not unconstitutionally deprive an heir of a right to a jury because the lump-sum award reflected the fact that the family unit suffered as a whole and that the award would ensure the continuation of the family as a whole. (*Canavin v. Pacific Southwest Airlines, supra,* 148 Cal.App.3d at pp. 533–534.)

That consideration does not apply here, where more than one family is concerned, and that is the reason appellants advance for distinguishing *Canavin.*[5] But even if *Canavin* is distinguishable on that ground, we are left with section 377.61, which provides that the court must apportion the award.

Appellants seek to avoid section 377.61 by arguing that it is an "intra-family" statute which only applies when the competing claims are between the heirs of a single decedent. The problem with the argument is that the statute contains no such limit, and appellants cite nothing in, or outside, the statute which would allow us to import such a limit. We are bound by the statute. As *Canavin* observed, "Because the cause of action for wrongful death is wholly statutory in origin, we are accordingly bound unless there exists a constitutional basis for departing from the clear expression of legislative intent." (*Canavin v. Pacific Southwest Airlines, supra,* 148 Cal.App.3d at p. 531.)

Appellants do raise a constitutional argument. They point out that in apportioning damages the trial court decided issues of fact, and contend that they have a constitutional right to a jury trial on issues of fact. In legal support, they cite *Grafton Partners v. Superior Court* (2005) 36 Cal.4th 944 [32 Cal.Rptr.3d 5, 116 P.3d 479] and *De Castro v. Rowe* (1963) 223 Cal.App.2d 547 [36 Cal.Rptr. 53]. Those cases decide issues relating to waivers of jury trial. They include language on the importance of the right to a jury trial, but tell us nothing about the issue before us here. They certainly do not establish that every issue of fact must be decided by a jury, and that is not the law.

---

[5] But both *Smith* and *Watkins* concerned more than one "family unit;" that is, the heirs with competing claims were on one hand the widow, and on the other the children of a previous marriage.

■ The term "trier of fact" "is used interchangeably to refer to a judge or jury." (*Cornette v. Department of Transportation* (2001) 26 Cal.4th 63, 75 [109 Cal.Rptr.2d 1, 26 P.3d 332].) "In actions for the recovery of specific, real, or personal property, with or without damages, or for money claimed as due upon contract, or as damages for breach of contract, or for injuries, an issue of fact must be tried by a jury, . . . In other cases, issues of fact must be tried by the Court . . . ." (Code of Civ. Proc., § 592.)

Appellants cite this statute, in particular that portion which concerns actions for injuries. They contend that this is such an action. It is not. The complaint does not allege that the Kim parties suffered injury due to the wrongdoing of the Yi parties or Kum Soon Park, or even that there was any wrongdoing by those parties, only that the wrongful death plaintiffs were unable to agree on the distribution of the settlement proceeds, and needed a determination by the court.

Nor are we persuaded by appellants' attempt to phrase this case as one for damages, not for apportionment. Appellants argue that they are entitled to a jury, which would not be asked to divide the settlement amount between the decedents' heirs—who would not even know the settlement amount—but would instead be asked to decide the amount of damages each family suffered, according to the rules applicable to wrongful death damages. Then, appellants argue, the portion of the settlement that each heir would actually receive would be decided through a mathematical calculation, based on the jury award.

■ This is an action for apportionment. The amount of damages was determined by the settlement, and no jury can now decide, as if in the first instance, the amount each plaintiff might have been entitled to recover from the alleged tortfeasors. Appellants argue that "the fact that the monies are available for disbursement does not negate [their] right to have a jury decide their damages." They are wrong. They gave up their right to have a jury decide their damages when they settled the wrongful death case. The only issue remaining is, indeed, apportionment. The fact that the apportionment will be made according to the law on wrongful death damages does not change that.

■ The right to a jury trial is guaranteed by the California Constitution (art. I, § 16), but the right so guaranteed is the right as it existed at common law in 1850, when the Constitution was first adopted. Thus, there is no right to a jury trial in an action in equity (*C & K Engineering Contractors v. Amber Steel Co.* (1978) 23 Cal.3d 1, 8–9 [151 Cal.Rptr. 323, 587 P.2d 1136]) or for a special proceeding. (*Cornette v. Department of Transportation, supra,* 26 Cal.4th at p. 76.)

The issue raised by appellants' complaint is equitable, and is a special proceeding. *Canavin* examined the issue, and "[f]inding no California case precedent in point, we look elsewhere and find, although Lord Campbell's Act provided the apportionment be made by the jury (*McLaughlin* v. *United Railroads* (1915) 169 Cal. 494, 495 [147 P. 149]; 1 Speiser, Recovery for Wrongful Death [Economic Handbook (Cum. Supp. 1982)] par. 1.8, p. 28; 22 Am.Jur.2d, Death, § 179, p. 734; 74 A.L.R. 11, 14 (1931); 14 A.L.R. 516, 519 (1921)), English case precedent holds '[t]he remedy of the [heirs] to secure an apportionment of the fund is in equity, and not by action at law.' (14 A.L.R. 516, 518 (1921), reporting *Condliff* v. *Condliff* (1874) 29 L.T.N.S. (Eng.) 831, 22 Week.Rep. 325; see also *Bulmer* v. *Bulmer* (1883) L.R. 25, Ch. Div. (Eng.) 409, 53 L.J.CH.N.S. 402, 32 Week.Rep. 380.) Likewise, in *Hernandez* v. *Fujioka* [(1974)] 40 Cal.App.3d 294, 304 [114 Cal.Rptr. 844], a trial court proceeding for the approval of a compromise settlement following a wrongful death judgment and allocation of the settlement was essentially treated as an equitable proceeding." (*Canavin* v. *Pacific Southwest Airlines, supra*, 148 Cal.App.3d at pp. 534–535, fn. 10.) Appellants have given us no reason to disagree with *Canavin* on this point, and we see none.

Nor have appellants challenged *Canavin*'s alternative holding, that the apportionment is a special proceeding for which there is no right to jury trial.

*Canavin* found that "[m]oreover, this statutory apportionment proceeding is at least analogous to partition, a special statutory proceeding (Code Civ. Proc., § 872.010 et seq.), consistently characterized as equitable in nature. (*Elbert, Ltd.* v. *Clare* (1953) 40 Cal.2d 498, 501 [254 P.2d 20]; *Jameson* v. *Hayward* (1895) 106 Cal. 682, 687–688 [39 P. 1078]; *Richmond* v. *Dofflemyer* (1980) 105 Cal.App.3d 745, 766 [164 Cal.Rptr. 727]; *Penasquitos, Inc.* v. *Holladay* (1972) 27 Cal.App.3d 356, 358 [103 Cal.Rptr. 717]; *Elbert, Ltd.* v. *Federated etc. Properties* (1953) 120 Cal.App.2d 194, 200 [261 P.2d 743].)" (*Canavin* v. *Pacific Southwest Airlines, supra*, 148 Cal.App.3d at p. 535, fn. 10.)

We agree. "Judicial remedies are either actions or special proceedings. (Code Civ. Proc., § 21.) An action 'is an ordinary proceeding in a court of justice by which one party prosecutes another for the declaration, enforcement, or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense.' (Code Civ. Proc., § 22.) 'Every other remedy is a special proceeding.' (Code Civ. Proc., § 23.)" (*Cornette* v. *Department of Transportation, supra*, 26 Cal.4th at p. 76.) There is no right to a jury in a special proceeding unless a statute so provides. (*Ibid.*)

This cannot be construed as a proceeding in which anyone is being prosecuted for anything. Indeed, at oral argument on the Yi parties' motion in limine, all counsel and the court spent some time puzzling over the proper

arrangement of parties in the courtroom if there was a jury, trying to determine who would sit at plaintiffs' table, with the "plaintiffs" sign, given that in any real sense, all parties were plaintiffs, and none were defendants.

## Disposition

The judgment is affirmed. Respondents to recover costs on appeal.

Turner, P. J., and Kriegler, J., concurred.